## Gordon v. The City National Bank.

(Decided September 27, 1910).

### Appeal from Graves Circuit Court.

1. Action on Note—Set-off—Allegations—Conclusions of Law.—In an action on a note secured by a lien on land which the payee had transferred to another party, the defendant cannot plead as a set-off, that at the time of the transfer of the note the owner was indebted to him in certain amounts greater than the sum sued for, as such allegation is a mere conclusion of law, no facts being set forth showing how such indebtedness arose or that it is valid, or that it was a subsisting debt at the time the answer was filed.

2. Pleading—Intendment Against Pleader.—The rule is elementary that every intendment is taken against the pleader, and in the absence of an allegation that the debt was still due and owing at the time the answer was filed, the conclusion is that it was not a subsisting debt when the action was instituted.

3. Same—Pleading Counterclaim.—An answer pleading a set-off or counterclaim is demurrable which fails to state in the caption that such set-off or counterclaim, as the case may be, is relied on and failing to do so, under subsection 4 of section 97 of the Civil Code, he is not entitled to a judgment thereon.

B. C. SEAY for appellant.

R. N. STANFIELD for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE BARKER—Affirming.

One J. N. Cooley sold a piece of real estate to the appellant, G. W. Gordon, who, in part payment for same, executed and delivered to Cooley his promissory note for seven hundred and fifty dollars, which was secured by a lien upon the land. Cooley, in due course, sold and transferred this note to the appellee, The City National Bank. The debt having become due and not having been paid, The City National Bank instituted this action in the Graves circuit court for a judgment for its debt and enforcement of its lien. To the cause of action set up in the petition the appellant, the maker of the note, interposed the following defense:

"Now the defendant states that at the time of the transfer and assignment of said note by J. N. Cooley to

the plaintiff, said J. N. Cooley, the owner of said note was justly indebted to this defendant in certain amounts $759. Evidences of which will be filed herewith as a part hereof, and that said J. N. Cooley and this defendant at the time of said transfer, did inform the plaintiff of said indebtedness of J. N. Cooley to this defendant, and the plaintiff agreed at the time of said transfer and assignment to give this defendant credit on said note in the sum of the indebtedness of J. N. Cooley, to this defendant, and the plaintiff had complete knowledge of said indebtedness at the time of transfer of said note and did agree to give this defendant credit on said note of the amount of said indebtedness, but defendant says that the plaintiff has failed and refused to give said credits, except $140 shown by indorsement of said note filed herein and says that if said credits had been given as should be, as herein alleged said note would be fully paid, and accounted for by this defendant to plaintiff, defendant denies therefore that there is anything due from him to plaintiff on said note."

To this answer a demurrer was interposed and sustained by the court, whereupon the appellant (defendant below) filed an amended answer, in which he reiterated the above quoted defense without anything in addition. A general demurrer was filed to the answer as amended and sustained by the court, whereupon the appellant (defendant) declined to plead further, and a judgment was rendered in favor of the plaintiff (appellee here) as prayed for in its petition. To test the soundness of the judgment of the court in sustaining the demurrer to the answer, this appeal is prosecuted.

We think the trial court correctly ruled that the answer did not present a defense. It will be observed that the defendant simply alleges that Cooley was justly indebted to him, at the time of the transfer of the note, in the sum of seven hundred and fifty-nine dollars. The allegation that Cooley was justly indebted to the maker of the note in the sum of seven hundred and fifty-nine dollars is a mere conclusion of law. No facts are set forth showing how such supposed indebtedness arose, or that it is valid. Nor is it alleged that the debt from Cooley to appellant was a subsisting debt at the time the answer was filed. It may well be true, that Cooley was indebted to Gordon at the time of the transfer of the note, and yet Cooley may have paid off and fully discharged that debt long before the maturity of the note

or the institution of the action. The rule is elementary, that every intendment is taken against the pleader, and in the absence of an allegation that the debt was still due and owing at the time the answer was filed, we are constrained to conclude that it was not a subsisting debt when the action was instituted.

No facts are stated to show whether the alleged indebtedness from Cooley to Gordon was a counterclaim or a set-off. But whether one or the other, in order to constitute a valid defense, the facts showing the indebtedness must be pleaded with the same particularity as if set up as an original action. The Code (section 96) defines both a counterclaim and set-off as causes of action, and, therefore, it was incumbent upon the appellant to state facts necessary to constitute his cause of action.

It may not be inappropriate also to point out that the defendant (appellant) failed to state in the caption of his answer that it contained either a set-off or a counterclaim, and, having failed so to do, he was not entitled to a judgment thereon under subsection 4 of section 97 of the Code, which provides that "a defendant shall not have judgment upon a set-off or counterclaim, unless the caption of the answer contains the words, answer and set-off, or the words, answer and counterclaim."

Judgment affirmed.