### Cox, alias Pash, &c. v. Commonwealth.

(Decided September 27, 1910).

#### Appeal from Nelson Circuit Court.

Lewdness—Permission of Owner of Premises—Indictment.—In an indictment accusing certain named persons with lascivious, indecent, disgusting and vulgar conduct by having sexual intercourse with each other in a certain house with the knowledge and approval of the owner thereof, evidence was admissible that such acts were committed on the premises outside the dwelling house, in the barn, orchard and yard.

MORGAN YEWELL and C. T. ATKINSON for appellants.

JAS. BREATHITT, Attorney General, and TOM B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY WM. ROGERS CLAY, COMMISSIONER—Affirming.

The grand jury of Nelson county indicted George Cox, alias George Pash, Lottie Harper and Frank Harper, for the offense of creating, fostering and maintaining a common nuisance. The indictment charged that, within twelve months before the finding of the indictment, George Cox, alias George Pash, resided in the dwelling house with Frank and Lottie Harper, and during said time the said George Cox and Lottie Harper continuously indulged in all manner of lewd and lascivious, indecent, obscene, disgusting and vulgar practices, and had sexual intercourse with each other, all with the full knowledge, approval and consent of Frank Harper; that George Cox, alias George Pash, was a negro and that Lottie Harper was a white woman. Upon the first trial of the case, Frank Harper was acquitted, but the jury failed to agree as to the other defendants. At the following term of the court the second trial was had before a jury, which found George Cox and Lottie Harper guilty and fixed the punishment of the former at confinement at hard labor in the county jail for a period of two years, and the punishment of the latter at a fine of $300. From the judgment entered upon this verdict, George Cox and Lottie Harper prosecute this appeal.

We are asked to reverse the judgment of the trial court because he did not confine the evidence to the conduct of George Cox and Lottie Harper in the dwelling house referred to in the indictment, but permitted evidence conducing to show lewd acts at other places than in the dwelling house. We deem it unnecessary to detail the evidence. Suffice it to say that the record shows that Lottie Harper and Frank Harper owned a small farm of

29 acres situated near Samuels in Nelson county. Frank Harper was a cripple, and Lottie Harper was subject to attacks of heart disease. Neither was able to do much manual labor. Lottie Harper managed the farm. To assist her in this work she employed George Cox, a negro about fifty-two years of age. Cox lived on the premises, and during a part of the time was permitted to occupy an upper room in the Harper home. Later a cabin was fixed up for him, and he moved into it. There was some evidence tending to show immoral conduct and practices on the part of George Cox and Lottie Harper in the dwelling house itself. Other witnesses testified to lewd acts which took place in the barn, orchard and yard. We think this evidence was properly admitted. The real question in the case was: Did appellants maintain improper relations with each other in the dwelling house? What they did elsewhere on the premises had a direct bearing upon those relations. The fact that they were guilty of lewd acts in the barn, orchard and yard, tended strongly to show that they were guilty of the same acts when in the privacy of the dwelling house. It is not a case where evidence of one crime is admitted to show another; it is a case of where a series of lewd acts tending to show that improper relations existed between the parties is admitted as evidence of the continuation of those relations when not in the presence of witnesses. Upon this theory the evidence was clearly admissible.

Perceiving no error in the record prejudicial to the substantial rights of the appellants, the judgment is affirmed.