## Williams v. Capital Mining, Lumber & Oil Company.

(Decided May 16, 1913).

### Appeal from Magoffin Circuit Court.

1. Land—Action Under Section 499 of Code for Division—Pleading —In a proceeding under section 499 of the Code for the division of land, where the petition showed that the defendant and the plaintiff owned the land jointly, and an answer was filed by the defendant denying the allegations of the petition, and pleading that the defendant alone owned the land, no reply was necessary as the affirmative allegations of the answer were only a traverse of the allegations of the petition.

2. Land—Action for Division—Pleading—Verification.—In such an action no verification of the pleadings is required.

3. Judgment—Counter Claim—Where Caption in Answer Does Not Contain Word "Counter Claim."—No judgment may be maintained in favor of the defendant on a counter claim set up in an answer where the caption of the answer does not contain the word "counter claim."

4. Land—Action for Division—Issue Made by Petition and Answer— Ordinary Action.—In this kind of proceeding where the petition and answer make up the issue, the case should be set down for trial as an ordinary action and either party may demand a jury.

BYRD, NICKELL & HOWARD for appellant.

O'REAR & WILLIAMS and JNO. H. GARDNER for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—
Reversing.

Isaac Williams brought this suit against the Capital
Mining, Lumber and Oil Company. He alleged in the
petition that he and it were the sole owners jointly of
a tract of land described by metes and bounds in the
petition, which was indivisible; that the land came into
their possession by reason of a patent of date December
1, 1865 issued to him and Elias Kennard jointly, and that
afterwards Kennard conveyed his undivided one-half in-
terest in the land to the defendant; that no other person
had any interest in the land, and that he and the defend-
ant each owned an undivided one-half interest therein.
The petition contained these words:

"Said patent is marked No. 36572, and is filed here-
with and made part hereof."

It concluded with a prayer that the court appoint com-
missioners to divide the land. The patent was not in
fact filed with the petition. The petition was filed Sep-
tember 11, 1908. The defendant filed answer October 17,
1910, in which it denied that it and the plaintiff Isaac
Williams were the joint owners of the tract of land or
that Williams was the owner of any interest in the land,
or that any portion of it was ever in his possession. It
denied that each of them owned an undivided half inter-
est in the land and alleged that it was the owner and in
the actual possession of the land, and that the defendant
was setting up an adverse claim thereto. The answer con-
tained these words: "It files as part hereof its evidences
of title to said tract of land." But no title papers were
filed. The answer concluded with a prayer that the
plaintiff's petition be dismissed and that its title to the
tract of land be quieted. But in the caption the answer
was not made a counterclaim. On February 20, 1911, the
defendant moved to submit the action to which the plain-
tiff objected. On June 6, the same motion was entered.
On June 7, the plaintiff moved the court to require the
defendant to verify its answer, and on the same day the
plaintiff tendered a reply which the court refused to
allow to be filed and on June 21, the case having been sub-
mitted, the court entered a judgment dismissing the
plaintiff's petition and adjudging the defendant to be the
owner of the tract of land described in the petition, to all
of which the defendant objected and excepted and prayed
an appeal to this court which was granted.

The proceeding was instituted under Section 499 of the Civil Code. Subsection 1 of that section provides that the person desiring a division of land held jointly with others may file a "petition containing a description of the land, a statement of the names of those having an interest in it, and the amount of such interest with a prayer for the division or allotment." It also provides:

"The written evidences of the title to the land, or copies thereof, if there be any, must be filed with the petition."

Subsection 10 provides:

"A party summoned may by answer controvert the allegations of the petition or contest the rights claimed therein; and thereupon the case shall be tried and decided as an ordinary action, but without the intervention of a jury."

Subsection 14 provides:

"No verification of the pleadings shall be required."

The reason that no verification of the pleadings is required is that the evidence of title are required to be filed with the pleadings. As the pleadings are not required to be verified, the court did not err in refusing to require the defendant to verify its answer. No motion was made by the plaintiff that the defendant be required to file the evidences of its title to the land, and the plaintiff's attorney appears to have overlooked the fact that the copy of the patent referred to in the petition had not in fact been filed.

The court did not err in refusing to allow the reply to be filed, as no reply was necessary. The affirmative allegations in the answer were nothing more than an affirmative denial of the allegations of the petition; and if the reply had been filed, it would have added nothing; for the petition and answer made up the issue. It is as essential that the title papers be filed on a counterclaim in such a proceeding as that they should be filed with the petition. (Civil Code, section 737, subsection 36).

Subsection 4 of section 97 of the Civil Code provides:

"The defendant shall not have judgment upon a set off or counterclaim, unless the caption of the answer contain the words 'answer and set-off' or the words 'answer and counterclaim.'"

As the caption of the defendant's answer did not contain the words "answer and counterclaim," the court erred in rendering judgment upon the answer in favor of the defendant adjudging it the owner of the land.

To maintain an action under section 499 for the division of land by one co-tenant against another it is not necessary that the one who brings the suit shall be in possession of the land. The fact, therefore, that the plaintiff was not in possession was not sufficient to defeat his action. The case seems to have been tried in the circuit court as an equity action, and the judgment seems to have been given upon the ground that there being no reply to the answer, the defendant was entitled to judgment; but as we have shown above, the answer was a mere affirmative traverse of the petition, and no reply was necessary. Under the statute the case must be decided as an ordinary action; and as the petition and answer made up the issue, the court, instead of giving judgment for the defendant on the pleadings, should have set the case down for trial as an ordinary action.

On the return of the case to the circuit court the plaintiff will be allowed to file a copy of the patent referred to in his petition, and the defendant will be allowed to file such evidences of title as it may desire to rely on; the case will then be tried as an ordinary action, the proof to be heard orally and without the intervention of a jury, unless a jury is demanded by one of the parties. But under section 12 of the Code either of the parties is entitled to a jury trial if he desires it.

Judgment reversed and cause remanded for further proceedings consistent herewith.