## Grove Lodge No. 274 I. O. O. F. v. Fidelity Phoenix Insurance Company.

(Decided May 27, 1921.)

### Appeal from Owen Circuit Court.

1.  New Trial—Motion and Grounds.—Supposed errors of law relied on by appellant must be specified in his motion and grounds for a new trial, since it is not sufficient to state generally therein that the judgment is against, or "is contrary to law."

2.  Principal and Agent—Declarations of Agent—Evidence.—Declarations of an alleged agent made out of court may not be proven to establish the fact of agency, but the sworn statements of the supposed agent made in court are competent for that purpose.

3.  Principal and Agent—How Fact of Agency Established.—Agency may be established by testimony showing such dealings and conduct between the supposed principal and the supposed agent as to generate the belief by those dealing with the latter that agency exists, which arises in such cases, if at all, through the operation of an estoppel preventing the supposed principal from repudiating the agency to the detriment of one, who relying on its existence entered into a contract with the supposed agent.

4.  Insurance—Damages by Loss From Fire—Evidence.—In this case plaintiff sued the defendant, an insurance company, to recover damages for the loss of its property by fire, alleging that it held a policy contract with the defendant on the destroyed property; evidence examined and held that it was sufficient to sustain the verdict of the jury that the agent, through whom the alleged insurance was effected, was not the agent of the defendant, nor did he have authority to enter into the contract sued on.

J. G. VALLANDINGHAM for appellant.

J. W. CAMMACK and CAMMACK & BAKER for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

Appellant, lodge, plaintiff below, sued the appellee and defendant below, insurance company, to recover $600.00. It was alleged in the petition that plaintiff held a contract with defendant whereby the latter agreed to insure and indemnify plaintiff against damage or loss produced by fire to its lodge building and its paraphernalia and furniture therein located in the village of Poplar Grove in Owen county. The lodge room owned by plaintiff was the second story of a frame building, the first story of which was occupied by a Mr. Slaughter as a dealer in general merchandise. It was alleged that the

contract was entered into on June 12, 1917, and that on the 20th of that month the property was destroyed by fire, and that defendant denied all liability and refused to pay any part of the insurance although it had been notified of the loss. The answer was a denial of all the affirmative allegations made in the petition, and after evidence heard the jury, under the instructions of the court, of which no complaint is made in the motion and grounds for a new trial, returned a verdict in favor of defendant, followed by a judgment dismissing the petition, of which plaintiff makes complaint on this appeal.

To say in a motion for a new trial that a verdict "is contrary to law" is too general and will not raise the error, if any, in giving and refusing instructions. American Credit Co. v. National Clothing Co., 122 S. W. (Ky.) 840; Charles Taylor Sons Co. v. Hunt, 163 Ky. 120, and Nicholson v. Patrick, 160 Ky. 674. But, if the motion in this case had been sufficiently specific to raise the question, there could be no reversal because of any error in the instructions since they submitted to the jury in appropriate language the issues, (a) the supposed authority of J. F. Brock, the alleged agent, through whom the insurance contract was alleged to have been procured, and (b) whether he, as such alleged agent, made the contract with plaintiff in such a way as to bind defendant.

Briefly noticing issue (a), the testimony in the case leaves no doubt in our minds that as between himself and the defendant company, Brock was not its agent. In fact it is proven by a high officer of the defendant, who appoints all of its agents in the territory of which Kentucky is a part, that Brock was not, nor had he ever been, defendant's agent to solicit or procure insurance. He held no commission or authority from the company, which according to the testimony was invariably given to its appointed agents. However, the defendant might be liable to members of the public for the acts of Brock, if it held him out as its agent and dealt with him in such a manner as to induce the belief that he was authorized to represent it in negotiating for and procuring insurance. The only evidence upon this point was the testimony of Brock, who stated without qualification that he was an agent of defendant; but, curiously enough, it is not shown even by himself that he ever wrote a policy or that he did anything more than to assist the local agent at Owenton, Kentucky, in procuring some local risks in

his neighborhood for which the local agent paid him an agreed percentage of the premium. It furthermore appears that a Mr. Kemper, who was some sort of general agent for the territory, carried Brock with him on one or two occasions to see certain proposed risks in the neighborhood and to assist him in procuring the insurance thereon, but this occurred in the fall after the summer in which the contract sued on was alleged to have been made. Brock says that he was a member of the lodge and that either on the second or the ninth day of June, 1917, the question of insuring defendant's property came up in meeting and that he then and there agreed to the contract sued on, and further agreed that plaintiff should have thirty days in which to pay the premium of $15.00. Notwithstanding his express testimony to that effect he wrote a letter to the defendant's agent at Owenton on June 12, in which he said: ''Enclosed find papers so you can copy applications for store room and for hall. May be you can get enough out of what I have down to know what they want. What is the cause of taking so long to get the policies? The first time I am in town, I will come in and see you. Date these policies the 15th as that is when the others expire.'' With the letter he enclosed a form for $250.00 insurance on the store room, or first story of the building, $500.00 on the second story and $100.00 on its contents. The agent, Duvall, testified that he answered that letter on the 15th of June, which was the same day he received it, and stated to Brock in substance that he had declined insurance on that building a number of times, and also said: ''I would be very glad to place this business for you if I could, but it is simply impossible as I haven't a company.'' It is true that Brock says he did not receive that letter, but the one he wrote to the agent clearly shows that he did not have authority to issue policies, nor to bind the defendant by contract, and there is ample testimony in the case to show that neither the company nor any of its agents had done any act to induce the belief that Brock was authorized to bind the company by oral contract without the issuance of a policy, or to do anything more than take an application for a policy, it being doubtful if their prior relations with him were such as to inspire the belief that he even had that authority. The extent of the negotiations between defendant's agent at Owenton, with and

through whom all insurance contracts had to be effected, and Brock, seems to be that the agent agreed with the latter to pay him for all insurance which he solicited and secured for the agent, and we think such one would not possess the apparent authority to waive all of the proven universal methods of procuring a policy and to bind the company upon a verbal contract of insurance contrary to such methods. At any rate, those issues were submitted to the jury, as stated, and it on sufficient evidence determined them against plaintiff.

It is said, however, that the court erred in permitting Duvall to testify as to the fact of his agency, but there is no merit in this contention. The rule which counsel for plaintiff seeks to invoke is that the declarations of an agent made *out of* court may not be proven to establish his agency, but the rule does not go to the extent of disqualifying a supposed agent from testifying *in court* as to the fact of his agency. Peyton v. Old Woolen Mills, 122 Ky. 361; Rice & Hutchins Co. v. J. W. Croghan & Co., 169 Ky. 450; California Insurance Co. v. Settle, 162 Ky. 82, and Ethington v. Rigg, 173 Ky. 355. If, however, we should apply the rule as contended for, it would operate in this case more to the detriment of plaintiff than to defendant, since the strongest evidence of the alleged agency of Brock is his own testimony.

Finding no prejudicial errors in the record, and the verdict being supported by sufficient testimony, the judgment is affirmed.