## McAlister v. Tucker.

(Decided May 23, 1924.)

### Appeal from Jefferson Circuit Court (Common Pleas, Second Division).

1. Principal and Agent—Fact of Agency May be Established by Express Agreement, or by Conduct.—Agency may be established either by express agreement, written or oral, or by such acts and conduct of parties in transaction of business as is inconsistent with other relationship.

2. Brokers—Instruction, in Action Against Broker for Deceit, Based on Theory of Agency for Plaintiff, Held Erroneous Because Not Conditioning Liability on Agency.—Where complaint against broker for inducing plaintiff, by fraudulent representations that owner refused to sell at less than certain sum, to buy at such sum, was based on theory that defendant was her agent, instruction authorizing recovery if defendant made such representation and plaintiff relied thereon, not conditioning liability on agency for plaintiff, held cause for reversal.

CHAS. F. TAYLOR and THOS. A. BARKER for appellant.

STITES & STITES for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER— Reversing.

Appellee brought this action for fraud and deceit against appellant, a real estate agent, charging that he, while employed by and acting as her agent for the purpose of purchasing from another for her a restaurant, luncheonette, cigar stand and soda fountain in Louisville, falsely and fraudulently represented to her that $4,300.00

was the lowest price at which said property could be bought, that is, $2,800.00 and assuming a mortgage for $1,500.00 on the fountain. She states that when defendant so represented to her he was at the time the owner of an option on said property at the price of $1,400.00 and the assuming of the mortgage on the fountain, which fact was unknown to plaintiff. She states that except for such false representation by defendant the plaintiff could have at the time bought the property for $1,400.00 by assuming the said mortgage.

She alleges she did in reliance upon such false representations buy the property for the $4,300.00 as aforesaid, and that such representations were made by defendant with the intent to cheat and defraud her, and that the same was at the time owned by McIntire.

The answer was a traverse, and on the trial a verdict was returned for the plaintiff for $885.00, upon which judgment was entered.

The evidence disclosed that on the 20th of January McIntire gave to appellant a ten days' option on the property at the price of $1,850.00, appellant to assume the $1,500.00 mortgage; that shortly thereafter Driskill, an employe of appellant in his real estate business, inserted in a newspaper in his (Driskill's) own name an advertisement stating that he would on the 29th of January at McAlister's office sell this business, and in response to that advertisement appellee went to appellant's office on that day and made inquiry about the sale of the property. There she met McAlister, and after some negotiations made a written proposition to buy the property at the price named above, which was on that day accepted by McAlister.

She states, and there is other evidence tending to show, that upon that occasion McAlister assumed to be acting, and to outward appearances, pretended to be acting as her agent in the consummation of the deal, while Driskill pretended to and appeared to act as the agent of the seller.

On the contrary, the evidence for defendant tends to show that McAlister informed appellee he was not acting as her agent, and that he himself at the time was the actual owner of the property, having already exercised his option before appellee came to his office.

The petition was evidently drawn under the ruling of this court in the case of Ripy v. Cronan, 131 Ky. 631, wherein this court held that a real estate broker is not lia-

ble to an intending purchaser by representing that the owner would not accept less than a given sum for the property, even though the owner had in fact agreed with the broker to sell for a less sum, unless there existed at the time between the purchaser and the broker some confidential relationship, such as principal and agent, or unless the broker by fraud prevented inquiry or investigation by the purchaser. The latter ground is not embraced in the allegations of the petition in this case, but it appears to be based entirely upon the fact that there existed at the time the relationship of principal and agent.

The evidence for the plaintiff failed to establish any definite contract of agency, but it did establish such a state of case as that an implied agreement of agency might be said to exist. The fact of agency may be established either by an express agreement of the parties, written or oral, or by such acts and conduct of the parties in the transaction of the business as is inconsistent with any other relationship; and such facts and circumstances are competent to establish that relationship, and the extent of it. 2 C. J., pp. 438 and 944; Beattyville Coal Co. v. Hoskins, 19 R. 1759.

The first instruction failed to submit the question of agency, but authorized a recovery for the plaintiff if the defendant informed her that the property could not be bought for less than $4,300, and such information was given by defendant for the purpose of fraudulently inducing the plaintiff to pay that sum, if the same was untrue and the plaintiff relied upon it; and the case of Kice v. Porter, 21 R. 871, is confidently relied upon as sustaining the correctness of that instruction. But in the later case of Ripy v. Cronan, 131 Ky. 631, the Kice case was commented upon and analyzed, and it was pointed out that the recovery by the plaintiff in the Kice case was permitted because of the fraud or artifice practiced by the broker in preventing the plaintiff from seeing the owner and investigating whether the property might be bought for a less price. There was no such question in the latter case, nor is there any such question in this case, for, although there is evidence on that subject, there is no pleading authorizing the submission of such question.

The Ripy case explicitly holds that the rule of *caveat emptor* applies as between the broker and the purchaser, except where there is a confidential relationship existing between them, or fraud or artifice is used by the broker to

prevent the purchaser from inquiring or investigating, whether the property may be bought for a less price.

Under the interpretation of the Kice case contended for by appellee we would have a recovery authorized by a purchaser against a broker who was not her agent, because the broker had perpetrated a fraud upon his principal, the seller. Manifestly no such rule was intended to be stated in the Kice case, but as pointed out in the Ripy case the recovery was authorized because of the fraud practiced in preventing the proposed purchaser from making further investigation.

In accordance with the manifestly just, sound and reasonable rule laid down in the Ripy case there was no right of recovery under the pleadings in this case, unless the relationship of principal and agent existed at the time between the plaintiff and the defendant.

There is evidence in this case to sustain the appellant's claim that he was in fact the owner of the property at the time appellee purchased same, and clearly under the rule in the Ripy case, and in the Kice case as well, if he was in fact such owner there can be no recovery by the plaintiff. However, there is evidence strongly controverting appellant's claim of ownership at that time, for it is shown that on the very day appellee signed the paper obligating herself to purchase the same appellant got a second or renewal option from McIntire, whereby his right to purchase the property was extended for five days; and there are checks in the record showing payments by him to McIntire given after that date.

It results from what we have said that the second and third instructions were proper, but because of the court's failure to submit the question of implied agency in the first instruction there must be another trial.

For the reason indicated the judgment is reversed with directions to grant appellant a new trial, and for further proceedings consistent herewith.