## Wilson & Company v. Roy Dunn, et al.

## Wilson & Company v. Hockaday Dunn.

(Decided March 26, 1926.)

## Appeals from Madison Circuit Court.

1. Principal and Agent.—Agency cannot be proven by declaration of agent.
2. Principal and Agent.—Whether one making contract for purchase of cattle was defendant's agent held for jury.
3. Sales—Measure of Damages for Breach of Contract to Buy Cattle was Difference Between Contract Price and Price Received.— Measure of damages for breach of contract to buy cattle was difference between contract price and market price at which sellers were able, after exercise of due diligence, to sell cattle after breach.

JOHN NOLAND and K. S. ALCORN for appellant.

BURNAM & GREENLEAF for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

These two actions were commenced by the Dunns, cattle raisers and dealers, of Madison county, against Wilson & Company, packers of Chicago, in the Madison circuit court to recover the difference between the contract price of certain beef cattle alleged to have been sold by them to Wilson & Company, and the sale price received by them on the most available market for the same cattle after the appellant company had refused to accept the cattle and pay the contract price.

Appellee, Hockaday Dunn, sued to recover $547.15, while Roy Dunn, his associate, sought to recover only $350.00. Both cases being submitted to the same jury, verdicts were returned in favor of the Dunns in each case for approximately the sums prayed, and the packing company appeals.

These cases have been well and ably briefed by learned counsel on both sides. Counsel for appellant in brief says:

"The record in case No. 1 was lost and had to be supplied, but parties were unable to supply the instructions given, as same had been lost and could not be found. For the purpose of this appeal and the

appeals asked in each of the two cases appellant will have to rely mainly on grounds 5 and 6 in its motion and grounds for new trial filed in each case, which are as follows, to-wit:

" '5. The court erred in overruling the defendant's motion to direct the jury to find for the defendant at the conclusion of plaintiff's testimony.

" '6. The court erred in overruling defendant's motion to have the court direct the jury to find a verdict for the defendant at the conclusion of all the testimony offered and heard on behalf of both plaintiff and defendant. . . . ' "

The whole case turns upon the question of agency. Appellant company is and was a corporation engaged in buying cattle and other live stock, butchering and packing the same at Chicago. For some years before the happening of the events out of which this litigation arose, Wilson & Company had, through its agent, H. B. DuPlan, been purchasing cattle in Madison and other central Kentucky counties. This much is admitted. In 1922 DuPlan engaged one Carson to assist him in the purchasing of cattle and other stock in Madison, Clark and other counties, and Carson was in the employ of DuPlan at the time of the alleged purchase of the cattle from the Dunns in August, 1923. It is the contention of appellant company that Carson was the employee of DuPlan and had no connection whatever with the company; that his duties were to spot and locate cattle in the counties named for DuPlan and when he located cattle which he thought suitable to notify DuPlan when and where he could see the cattle and the price at which the cattle could be bought; that DuPlan would then visit Kentucky and look the cattle over, and if they suited, purchase them, turn them over to Carson, who would load them on cars and ship them to appellant, Wilson & Company; but the company says that Carson was not its agent and it is not bound by anything that Carson did or said. For appellees, the Dunns, it is said that there is no denial that Carson and DuPlan were connected with the purchase of appellees' cattle and that they were actually employees of appellant company, and appellees only had to prove the real or apparent authority which those agents had; that both Carson and DuPlan together and separately bought various lots of cattle in Madison county in 1922, which appellant company accepted and paid for, thereby establishing

the authority of Carson and DuPlan to purchase cattle; that the purchase of cattle by them and each of them in Madison county was within the apparent scope of their authority as such agents, and that under such proof appellant company is bound by subsequent and similar transactions of those agents. It is further contended by appellees that the company allowed Carson and DuPlan to hold themselves out as its agents for the purchase of cattle and that in announcing to appellees that they were the agents of Wilson & Company, buying cattle for that firm, they were acting within their apparent scope of authority as agents. Appellee further asserted that Carson who made the contract for the cattle in question not only had authority to locate cattle and report the same to DuPlan who did the purchasing, but he had authority and did on different occasions, to the knowledge of appellees, locate, inspect, purchase, pay for and load cattle in Madison county for appellant company.

The only question in the case is whether Carson was the agent of appellant company in the purchase of the cattle. The evidence satisfactorily shows that DuPlan, the admitted agent of appellant company, employed Carson to assist him in the purchase of cattle and that it was the duty of Carson to spot and locate cattle, get the price and report to DuPlan. It further shows that sometimes DuPlan would not look at the cattle but instruct Carson to make the purchase, and Carson would do so and draw on appellant company for the full purchase price. DuPlan testified that Carson had been employed by him and not by the company and that Carson was to receive $15.00 for each car load of cattle purchased for such services, but that it was Carson's duty to take charge of the cattle after their purchase and to load them in cars and attend to the shipment to appellant company. From this evidence it is argued that Carson was the agent of the company and especially of DuPlan, the appellant's purchasing agent. It is said, however, that Carson was at the same time buying cattle on his own account and selling and shipping them for his own benefit; that he often bought cattle which he later sold to DuPlan for the company; but there is much evidence in the record tending to show that Carson with DuPlan was frequently out looking for cattle and inspecting herds, and that DuPlan allowed Carson to hold himself out as the agent of the company, and Carson did so hold himself out, often through a long period of time, represent-

ing himself as the agent of the company and in many instances acting for and on behalf of the company in the purchase of cattle and in the payment of the price. It is true that agency can not be proven by declaration of the agent, but the company was present in Kentucky through its agent, DuPlan, who often accompanied Carson in the purchase of cattle and held Carson out as the agent of the company and allowed Carson to so hold himself out. Then, too, appellant company had an arrangement with a bank cashier at Richmond to take care of its drafts, and Carson frequently called upon the cashier to make drafts for the payment of cattle and this was done and the drafts were honored and the money paid by the company. These facts, it is shown, were known to appellees at the time Carson entered into the contract with them for the purchase of their cattle. All these facts taken together, we think, were sufficient to carry the case to the jury on the question of whether Carson was the agent of appellant company in the purchase of appellees' cattle. If he were, then appellees were entitled to recover the difference between the price at which they contracted the cattle to appellant company through Carson and the market price for which they were able, after the exercise of due diligence, to sell the cattle after Carson refused to accept them for the appellant company. That this is the correct measure of damages is not disputed, and no other question is made in the case save that the trial court should have directed a verdict in favor of appellant company on its motion, because there was not sufficient evidence to establish that Carson was the agent of appellant company in the purchase of cattle.

Finding no error to the prejudice of the substantial rights of appellant the judgment in each case is affirmed.

Judgment affirmed.