## Scott v. Wheat.

(Decided November 19, 1926.)

### Appeal from Warren Circuit Court.

Pleading.—In action for indefinite unpaid amount of note, order requiring defendant, alleging complete payment, to make answer more specific by stating details of payment, held erroneous, in view of remedy available plaintiff under Civil Code of Practice, section 606, subsection 8.

SIMS & HERDMAN and J. PRESTON CHERRY for appellant.

W. R. GARDNER for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Granting appeal and reversing judgment.

This is a suit on a promissory note and to enforce a mortgage lien on certain personal property given to secure the payment of that note. The amount of the note

was originally $1,400.00, but the petition says that "about $1,000.00" has been paid upon it, the exact amount being unknown to the plaintiff, now appellee, but known to the defendant, who is called upon to set up the credits to which he is entitled. The pleading closes with a prayer for a judgment in the sum of $400.00, and the enforcement of the mortgage lien. The answer admits the execution of the note but pleads that it had been fully paid. The court sustained the plaintiff's motion to require the defendant to make this part of the answer more specific by stating therein when the note was paid, how it was paid and to whom it was paid. On the defendant declining to comply with this order, the court struck the answer from the record on the ground that it was interposed solely for delay and then gave the plaintiff a judgment in the sum for which he prayed. Defendant now moves for an appeal, and that motion will have to be sustained. In Turner's Admr. v. Ward, 201 Ky. 295, 256 S. W. 389, in passing on this identical question, we said:

"Plaintiff's second contention, that the court erred in refusing to require the defendants to make the second paragraph of their answer more specific, is likewise without merit, since it was alleged therein that the whole of the indebtedness alleged in the petition had been fully paid, which is a statement of fact that, if true, constituted a complete defense to the action. It is not suggested how the plea could have been made more specific and certain without pleading the evidence by which it would be sustained, and this of course was not necessary."

From the foregoing, it is patent the court erred in sustaining the plaintiff's motion to require the defendant to make his answer more specific and, on his declining to do so, in striking that answer from the record. The plaintiff suffers no hardship under this rule, for if he wishes in advance of the trial to discover the facts sought to be obtained by this motion, he may do so by taking the deposition of the defendant as if under cross-examination, as is allowed by section 606, subsection 8 of the Civil Code.

For the reasons hereinbefore stated, the motion for an appeal is sustained, the appeal is granted, and the judgment is reversed for proceedings consistent with this opinion.