### Wilson, et al. v. Chappell, et al.

(Decided April 17, 1928.)

Appeal from Leslie Circuit Court.

Pleading.—In suit to recover possession of land, defendants' pleading, entitled answer, which alleged that they were the owners and in possession of the land described, which was claimed under Civil Code of Practice, sec. 125, was insufficient to authorize judgment decreeing one of defendants owner of the land, under section 97, subsec. 4, where caption of pleading failed to show that it contained a set-off or counterclaim; judgment having been entered on motion to take the allegations of the answer as true.

CLEON K. CALVERT and JOHN G. BRUCE for appellants.

T. G. LEWIS for appellees.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing.

The appellants, F. A. Wilson and A. J. Asher, instituted a suit in equity in the Leslie circuit court seeking to recover the possession of certain boundaries of land which they alleged were in the possession of the appellees who wrongfully held them. The appellees filed an answer controverting the material allegations of the petition. They alleged that they were the owners and in the possession of a certain portion of the land mentioned and described in the petition. The land claimed by them was defined as is required by the provisions of section 125 of the Civil Code. They interposed certain affirmative defenses in the answer, one of which was ownership

in themselves by reason of adverse possession. Their prayer was that the petition of the appellants be dismissed, and that they be adjudged the owners of that portion of the land described in their answer. No reply was filed. After the case had been on the docket for some time, the appellees moved the court to take the allegations of the answer as true, which motion was sustained and the cause was submitted for judgment. The court entered a judgment dismissing the petition and further adjudging that Henry Chappell, one of the appellees, was the owner of the land described in the answer. Asher and Wilson have appealed, complaining only of that portion of the judgment wherein Henry Chappell was adjudged the owner of the land described in the answer.

The pleading filed by the appellees is styled in the caption thereof "answer" and does not profess to be a counterclaim. Subsection 4 of section 97 of the Civil Code of Practice prohibits a judgment in favor of a defendant on a set-off or counterclaim unless the caption of the pleading shows that it contains a set-off or counterclaim. In construing that section of the Code, this court has held that the defendant may not have affirmative relief unless his pleading conforms to that provision of the Code. Williams v. Capital Mining, Lumber & Oil Co., 153 Ky. 772, 156 S. W. 409; Gordon v. City National Bank, 140 Ky. 47, 130 S. W. 819.

The judgment of the lower court should have gone no further than a dismissal of the petition and awarding costs.

Judgment reversed and cause remanded for proceedings consistent with this opinion.