## Wright v. Wheat.

(Decided May 8, 1928.)

### Appeal from Warren Circuit Court.

1. Pleading.—Where in action on promissory note and to enforce chattel mortgage given to secure it, defendant's claim that mortgage acquired by him was prior to plaintiff's mortgage was not

denied, defendant was entitled to judgment on the pleadings enforcing his mortgage lien with priority over claim of plaintiff.

2.  Pleading.—Where, in suit to enforce chattel mortgage, prior chattel mortgagee and heirs of owners of chattel were made parties defendant, held, that answer of defendant mortgagee claiming enforcement of mortgage lien against codefendants with priority over plaintiff was not a counterclaim or set-off within Civil Code of Practice, sec. 96, subsecs. 1 and 2, but was properly entitled a cross-petition conforming with subsection 3, and hence defendant was entitled to judgment of priority, notwithstanding section 97, subsec. 4.

3.  Witnesses.—Testimony by plaintiff suing on promissory note and to enforce a chattel mortgage given to secure it as to conversations and transactions with owner of chattels who was deceased held incompetent under Civil Code of Practice, sec. 606, subsec. 2.

4.  Pleading.—It is a well-settled rule of practice that proof without pleading may not be considered.

5.  Principal and Agent.—Agency may be proved by testimony of agent or by circumstantial evidence, as any other fact.

6.  Principal and Agent.—Agency may not be proven by declarations of agent which is nothing more than hearsay as against the principal.

SIMS & HERDMAN for appellant.

GARDNER. OLIVER & DIXON and J. F. DENTON for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Reversing.

H. W. Wheat instituted an action against C. C. Scott to recover a balance of $400 alleged to be due on a promissory note, and to enforce a chattel mortgage given to secure it. Scott interposed a plea of payment. The court entered an order requiring Scott to make his answer more definite, which he declined to do, and thereupon the court struck his answer from the record, and rendered judgment for the plaintiff. Scott appealed to this court, and the judgment was reversed. Scott v. Wheat, 216 Ky. 655, 288 S. W. 291.

On the return of the case, amended pleadings were filed by Wheat alleging that Scott had died leaving certain designated heirs at law who were made parties defendant, and that Scott himself in his lifetime had transfererd all his rights in the mortgaged property to John P. Wright. It was also alleged that the Wright Tool Company held a mortgage on the property subject to Wheat's mortgage. Wright and the Wright Tool Company, as well as the heirs of Scott, were made parties defendant. The Wright Tool Company filed an answer ad-

mitting that Wheat's mortgage was superior to its mortgage, but averring that John P. Wright held a mortgage superior to Wheat's, and inasmuch as the property was not worth more than the amount of the two prior mortgages, it did not wish to incur any costs, and therefore disclaimed its inferior mortgage rights, and asked to be dismissed, with its costs.

John P. Wright filed a separate answer and cross-petition against his codefendants, the heirs of C. C. Scott. He denied the allegation of plaintiff's pleading that C. C. Scott had relinquished all his rights in the mortgaged property to him, and in the cross-petition against the heirs of C. C. Scott alleged that the Sanderson-Cyclone Drilling Company had a first mortgage on the property involved in this appeal which had been acquired by him, and asked that it be enforced. He averred that C. C. Scott had executed certain notes to the Sanderson-Cyclone Drilling Company, secured by a chattel mortgage, which was recorded on December 29, 1919. The notes and security were assigned to John P. Wright. The mortgage of Wheat on the same chattels was given on April 23, 1921, and was subsequent to the mortgage which Wright had acquired from the Sanderson-Cyclone Drilling Company. No response was filed by Wheat to the pleading of Wright. The heirs of Scott answered, admitting that Wright had a first lien under the mortgage he had acquired, but denying that the debt of Wheat was unpaid. Some depositions were taken by Wheat, and, upon submission, the lower court dismissed the cross-petition of Wright, and entered judgment in favor of Wheat. Wright has prosecuted the present appeal. It is apparent that the sole question involved is one of priority of lien between Wheat and Wright. As there was no denial of Wright's claim, he was entitled to judgment on the pleadings enforcing his mortgage lien with priority over the claim of Wheat.

It is argued for appellee, however, that Wright was not entitled to judgment because he made his answer a cross-petition, and not a counterclaim or set-off. Section 97, subsec. 4, Civil Code; Gordon v. City Nat. Bank, 140 Ky. 47, 130 S. W. 818; Williams v. Capitol Mining, Lumber & Oil Co., 153 Ky. 772, 156 S. W. 409; Wilson v. Chappell, 224 Ky. 130, 5 S. W. (2d) ——.

The pleading filed by Wright was not a counterclaim or set-off. A counterclaim is a cause of action in favor of

a defendant against a plaintiff either singly or with another, which arises out of the contract or transactions stated in the petition as the foundation of the plaintiff's claim or which is connected with the subject of the action. A set-off is a cause of action arising upon a contract, judgment, or award in favor of a defendant against a plaintiff, or against him and another. Civil Code, sec. 96, subsecs. 1 and 2. It is obvious that Wright had no claim against the plaintiff, Wheat, and his pleading does not aver any facts constituting either a set-off or a counter-claim. A cross-petition is the commencement of an action by a defendant against a codefendant, or a person who is not a party to the action, or against both; or by a plaintiff against a coplaintiff, or a person who is not a party to the action, or against both; and is not allowed to a defendant, except.upon a cause of action which affects, or is affected by, the original cause of action; nor to a plaintiff, except upon a cause of action which affects, or is affected by, a set-off or counterclaim. Section 96, subsec. 3, Civil Code.

Wright's pleading in this case was for the enforcement of his mortgage lien against the heirs of C. C. Scott, who were his codefendants, and it was properly entitled a cross-petition. It conformed with exactness to the requirements of the Code. Taylor & Crate v. Forrester, 148 Ky. 201, 146 S. W. 428; City of Georgetown v. Groff, 136 Ky. 662, 124 S. W. 888; Louisville Ry. Co. v. Simons, 187 Ky. 301, 219 S. W. 162.

Wheat made Wright a party, and it was proper for him to file a cross-petition against his co-defendants, as the same property was covered by the mortgage liens of Wheat and Wright, and both were necessary parties to the proper disposition of the action.

There was no issue upon which proof was necessary or proper. It appears, however, that plaintiff took some depositions. He testified for himself as to conversations and transactions with C. C. Scott, who was dead. The testimony was incompetent. Section 606, subsec. 2, Civil Code. The exceptions of Wright to the depositions should have been sustained, both on the ground of incompetency under the Code and irrelevancy, because there was no issue upon which proof could be introduced. 31 Cyc. 680. It is a well-settled rule of practice that proof without pleading may not be considered. In the case of

Cucullu v. Hernandez, 103 U. S. 105, 26 L. Ed. 322, it is said:

"Evidence to show facts on which a claim is based cannot be regarded where there is no averment in the pleading to which it can be applied."

In the case of Pratt v. York, 197 Ky. 846, 248 S. W. 492, it was said:

"It is a universal rule of practice often applied by this court that neither pleading without proof nor proof without pleading will avail the litigant, since it requires both for a successful assertion of his rights in court." Ins. Co. v. Gore, 215 Ky. 487, 284 S. W. 1107.

An attempt was made in this case to prove an agency by the mere declarations of the supposed agent. This was contrary to the authorities, and is not allowable. Wilson v. Dunn, 213 Ky. 843, 281 S. W. 991; Short v. Metz Co., 165 Ky. 319, 176 S. W. 1144; Muir v. Glossbrenner, 211 Ky. 1, 276 S. W. 1058; 2 Corpus Juris, sec. 692, p. 935.

Agency may be proved by the testimony of the agent (2 C. J. sec. 689, p. 933; Grove Lodge v. Fidelity Phoenix Ins. Co., 191 Ky. 666, 231 S. W. 215) or by circumstantial evidence, as any other fact (Seaboard Oil Co. v. Huntsman, 196 Ky. 758, 245 S. W. 860; McAlister v. Tucker, 203 Ky. 332, 262 S. W. 284), but it may not be proven by the declarations of the agent, which is nothing more than hearsay as against the principal. But no evidence was competent in this case, because, as we have seen, no issue was presented by the pleadings.

The exceptions to the depositions should have been sustained on both of the grounds stated.

Judgment reversed, for further proceedings in accordance with this opinion.