# Boone-Kenton Lumber Company v. Thaman.

(Decided May 2, 1933.)

(Common Law and Equity Divison).

THOMAS X. DILLON for appellant.

RALPH P. RICH for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Affirming.

By this action the Boone-Kenton Lumber Company, a corporation, is seeking to recover from William Thaman a balance of $1,321.26 on a contract for materials alleged to have been sold and delivered to him. In the petition it is alleged that William Thaman, through his agent, Joseph Thaman, entered into an oral contract with plaintiff whereby it agreed to and did furnish to him certain material for the improvement of his premises. The various articles and prices at which they were furnished, together with credits by payment and by material returned, are fully set forth in itemized statements and estimates filed as exhibits with the petition.

It is further alleged that defendant personally and through his agent Joseph Thaman accepted the lumber and building material as plaintiff's part of the contract, and on various dates returned building material and lumber as set out in the exhibits, received credit as agreed, and thereafter made the payments set out in the exhibits; that, after the material thus set forth had been furnished, defendant purchased additional lumber at the agreed price of $4.23.

Defendant by answer denied all material allegations of the petition with reference to the material shown in the exhibits filed therewith, but admitted he purchased from plaintiff lumber and material at the agreed price of $4.23; that no part of same had been paid, and tendered that sum without admitting further indebtedness.

Trial on the issues thus completed resulted in a directed verdict finding for plaintiff in the sum of $4.23, and it has appealed.

Russell McNay, president of appellant corporation, was the only witness to testify on the trial. He testified that Joseph Thaman was a carpenter-contractor, and in this instance came in and had the bills figured, carrying them under his name, as was the usual custom; that they made the bills in the name of Joseph Thaman because he always had them put that way; that the lumber was delivered to the premises of appellee and used in the construction of a home; that both Joseph and William Thaman signed receipts for material delivered. Four such receipts signed by William Thaman are filed in evidence, but, on their face, these exhibits show the material was sold to Joseph Thaman.

It is argued that the court erred in excluding proof as to who owned the property and benefited by its improvement and evidence of conversations between Joseph Thaman and representatives of appellant, but it is apparent that, if all the evidence offered by appellant had been admitted without objection or exception, there would be nothing of probative value or effect tending to support the cause of action alleged in the petition. It would merely conduce to show that Joseph Thaman, a contractor and carpenter, purchased in his own name material entering into buildings which he contracted to construct; that he had a contract to build a house for appellee, and purchased the material from appellant which according to their established method of transacting business was charged and billed to J. B. Thaman; that appellee did some work on the building and receipted for some of the material delivered, but these receipted bills show the materials were "sold to J. B. Thaman."

Agency may be established by evidence of express agreement or by such acts and conduct upon part of the

parties in business transactions as is inconsistent with any other relationship. McAlister v. Tucker, 203 Ky. 332, 262 S. W. 284. It cannot be proved by declarations of the agent. Wilson & Co. v. Dunn, 213 Ky. 843, 281 S. W. 991; Ewing v. Bond, 185 Ky. 781, 215 S. W. 934; Larkin Co. v. Commonwealth, 172 Ky. 106, 189 S. W. 3; Wright v. Wheat, 224 Ky. 386, 6 S. W. (2d) 458, 460.

In the latter case it was said:

"Agency may be proved by the testimony of the agent (2 C. J. sec. 689, p. 933; Grove Lodge v. Fidelity Phœnix Ins. Co., 191 Ky. 666, 231 S. W. 215) or by circumstantial evidence, as any other fact (Seaboard Oil Co. v. Huntsman, 196 Ky. 758, 245 S. W. 860; McAlister v. Tucker, 203 Ky. 332, 262 S. W. 284), but it may not be proven by the declarations of the agent, which is nothing more than hearsay as against the principal."

There is no evidence here of an express agreement nor of such acts or conduct upon the part of the Thamans as would indicate agency or from which any reasonable inference of such may be drawn, but, on the other hand, it is clearly made to appear that Joseph B. Thaman purchased this material as an independent contractor and not as agent.

It is further argued that, since appellee received the benefits of the material knowing it was furnished by appellant, the law implies a promise upon his part to pay for it. A number of cases are cited and relied on as sustaining this theory, the first of which is Lebanon Lumber Company v. Clarke, 151 Ky. 543, 152 S. W. 550. That was a suit against Clarke for balance alleged to be due on account for materials sold him at his instance and upon his promise to pay therefor and for the enforcement of a materialman's lien against his land, but by amendment it was alleged that the materials were sold to one Carter for Clarke to be used in making repairs on the latter's dwelling. The manager of the lumber company testified that Clarke made one or two payments on the account, that credit for the materials was extended to him alone, and that he purchased the materials through Carter as his agent. Therefore it is manifest that a much stronger case was made against Clarke than had been made against appellee in the instant case, but a judgment in his favor

834

was affirmed on the ground that the evidence showed Carter to be an independent contractor and not an agent.

The other cases relied on by appellant involve improvements made on property of a wife at the instance of the husband and under circumstances in nowise similar to the facts shown here.

Kentucky Statutes, sec. 2463 et seq., affords to materialmen adequate remedy and full protection in cases of this character.

Judgment affirmed.