## Brown, et al. v. Spradlin.

(Decided January 11, 1912.)

### Appeal from Johnson Circuit Court.

1. **Mutual Dealings—Settlement—Execution of Note—Presumption.**— When two parties having mutual dealing with each other have been accustomed to make settlements from time to time and one then to execute a note to the other for the balance due up to

that time, it is presumed that the note executed at a certain date included all previous debts and credits in the absence of proof to the contrary, or the production of the books from which the settlement was made.

2. Same—Failure of Party to Produce Books—Presumption.—When a party does not produce books or show that a diligent search has been made for them, and they cannot be found, the presumption is that if produced they would be unfavorable to him.

VAUGHN, HOWES & HOWES for appellant.

J. F. BAILEY, WM. H. HOLT and I. C. RICE for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Reversing.

On May 9th, 1889, John Spradlin conveyed to W. W. Brown, by warranty deed, a tract of land in Johnson County. The deed was absolute in form and recited that it was made in consideration of $190, cash in hand paid. On May 11th, 1889, a written agreement was signed by Brown and Spradlin, which recited in substance that Spradlin was in debt to Brown in the sum of $170, with interest. Spradlin bound himself to pay the above debt and all debts he owed or might owe Brown; and Brown agreed when his debts were paid to deed to Spradlin the land deeded to him. For a number of years before 1889 Brown had been running a store and furnishing Spradlin money and supplies as he needed them in a logging business he carried on from time to time. At times settlements were made between them and notes executed by Spradlin for the balance that he owed. After the contract of May 11th, 1889, Spradlin continued to deal with Brown as before; and on May 4th, 1892, he executed to Brown a note of $194.29. After this Brown and Spradlin sold a part of the land to John and Will Ratcliff, who were to pay the purchase money to Brown. Before the matter was settled up Brown died. Spradlin brought this suit against Brown's representatives to have the deed declared a mortgage. The circuit court, on the hearing of the case, adjudged the deed a mortgage, and referred the case to the commissioner to hear proof and report the amount of payments made by Spradlin on the mortgage, with a view of making a settlement between them. From this judgment Brown appealed and the judgment was affirmed. See Brown v. Spradlin, 136 Ky., 703.

After the affirmance of that judgment the Commissioner heard proof and reported in substance that no part of Brown's debt had been paid except the purchase money paid him by the Ratcliffs. On exceptions to the commissioner's report the circuit court held that the mortgage debt was paid; and entered a judgment in favor of Spradlin for the price of the land, which, in the meantime, had been sold. Brown's representatives appeal.

As Brown is dead and Spradlin can not testify for himself as to any transaction he had with Brown, to determine just how they stood, when neither of them can testify, is a difficult matter in view of the way they did business. Spradlin kept no books, and Brown's books and papers have not been preserved; or at least have not been produced as to same important matters in controversy. To satisfy ourselves more fully we had the original books and papers transmitted for our inspection. We find in these books an account which Brown kept with Spradlin very systematically, covering a number of years and closing in the year 1886; but from 1886 to 1889 we have no books showing the account; and no books showing the account after 1889 except what appears to be a memorandum in the back of what seems to be a day book. Without elaborating our reasons for the conclusion we have reached, we deem it sufficient to say that our conclusion is that the contract of May, 1889, included all that Spradlin then owed Brown, and was a settlement of their matters to that time. We also conclude that the note for $194.29, given April 4, 1892, was given upon another settlement and included all that Spradlin owed Brown at that time. There is some proof that Spradlin had paid Brown $100 on the mortgage debt; and also proof that he had returned a yoke of oxen; but all this was before April 24th, 1892, and we think must be presumed to have been settled in that settlement. The books and papers that are produced show that these men were in the habit of making settlements from time to time; and that a settlement was made on April 4th, 1892, must be presumed from the facts shown. We do not find in the record any evidence that anything was afterwards paid on the note of $194.29, except what was collected by Brown from the Ratcliffs, and our conclusion is that this note is secured by the mortgage, as, under the written agreement of May 11th, 1889, Brown was not to reconvey the land to Spradlin until Spradlin paid him, not only all he then owed

him, but all that he might thereafter owe him. Brown should be allowed the $194.29 note, with interest from April 4th, 1892, and this should be credited by the money he received from the Ratcliffs, as in other cases of partial payments on a note; that is, the interest should be counted on the note down to the time when any money was received, the amount received should be deducted, and the interest on the balance counted to the next payment by the Ratcliffs or either of them. Brown should be required to give Spradlin credit for only the net amount he received from the Ratcliffs, after deducting any expenses necessarily incurred. He had to bring a suit to collect some of the money and the necessary expenses of the suit should be deducted from the sum collected in the suit.

On the return of the case the circuit court will enter a judgment as above indicated, and if it is necessary to take further proof to fix the date or amount of any payment made by the Ratcliffs, he may hear it in such a way as is most convenient to him. The Browns will recover costs on this appeal and Spradlin will recover costs in the circuit court. So much of the proceeds of the land, should be adjudged to Brown as will pay the balance of his debt of $294.29, with interest after crediting thereon what he has collected from the Ratcliffs. The balance of the proceeds of the land will be adjudged to Spradlin, also any uncollected judgment Brown may hold against Ratcliff for the part of the land sold him.

If Brown's books had all been produced, we might have arrived at a different conclusion, but the course of his representative in producing papers has not placed him in a good light with the court. The presumption is against the party who does not produce papers in his possession or under his control, and the testimony does not satisfy us that the missing books could not have been produced by a diligent search.

Judgment reversed and cause remanded for judgment as above indicated.