## Charles Taylor Sons Company v. Hunt.

(Decided February 24, 1915.)

### Appeal from Greenup Circuit Court.

1.   Trial—Instructions—When Duty of Court to Give.—In a civil case, it is not the duty of the court to give instructions to the jury, except the parties offer them in writing, but if the court does undertake to give an instruction upon any point of the case, it is required to give a correct instruction.

2. Trial—Instructions—When Duty of Court to Give.—If a party to a civil suit offers an incorrect or defective instruction, it is the duty of the court to reject it, and to give a correct instruction upon that point of the case.

3. New Trial.—A motion for a new trial, based upon a claim of newly discovered evidence, must be supported by affidavits showing its truth.

4. New Trial—Newly Discovered Evidence—Motion Must Be Supported by Affidavits.—A motion for a new trial, on account of newly discovered evidence, must not only be supported by the affidavit of the proposed witness, stating that he had not communicated the facts to the party before the trial, but by the party's affidavit showing the facts were unknown to him until after the trial.

E. E. FULLERTON for appellant.

THOS. E. NICKEL, RICHARD D. DAVIS and S. S. WILLIS for appellee.

OPINION OF THE COURT BY JUDGE HURT—Affirming.

The Charles Taylor Sons Company is a corporation engaged in the manufacture of fire bricks in Greenup County, and is the owner of a tram road extending from its shale banks to the place of manufacture. On this tram road a hand car is operated for the purpose of transporting men and other things, and the appellee, Carlisle Hunt, claims that while in the employ of the appellant as a laborer, and under the direction and supervision of James Young, the foreman of the appellant, he was assisting in operating the hand car. The foreman, Young, and one Timberlake, and the appellee were the only persons upon the hand car at the time the injury complained of by appellee occurred, and they were engaged in repairing the tram road. The car was propelled by means of levers, which were operated by hand, and at the time of the injury complained of by appellee was received, he was at the rear end of the car, engaged in working a lever, while Young, the foreman, and Timberlake were at the front end of the car engaged in the same way.

It seems that the brakes to the car were connected with rods, which extended up from underneath to the platform of the car, and were there attached to a plate or pedal, and the brakes were operated by a pressure of the foot upon that pedal, which caused the brakes to apply immediately to the wheels of the car. The appellee

claims that, under the direction of Young, the foreman, they were propelling the car along with unusual speed, when the foreman, without any warning of his intention to do so, suddenly sprang with all of his weight and force upon the pedal which operated the brakes, causing them to apply suddenly and to stop the car with such abruptness that the appellee, who was holding on to the handle bar, was caused to fly up in the air, and, holding on to the bar, he came down with such force that his hip joint came in contact with considerable violence with an iron bolt, which was in the framing, thereby bruising the flesh and ligaments around the hip joint, and affecting the bones of his hip, and causing him great pain and suffering, and, as the direct result, his hip was stiffened and his ability to earn money permanently impaired. This conduct of the foreman, under the circumstances, he claims, was such negligence and reckless disregard of his safety as amounts to gross negligence upon the part of the foreman.

The appellant, by answer, simply traversed the allegations of the petition, and, in addition, alleged affirmatively that the appellee, while in its employ, propelled and operated the car and knew all about the machinery of it, and when to apply the brakes, and the effect of applying the brakes, and had a general knowledge of the result of the propelling, speeding and stopping, and applying the brakes upon the car. No plea of contributory negligence of any kind was interposed. These affirmative allegations were traversed by reply.

A trial of the case was had, which resulted in a verdict of the jury and judgment of the court awarding to the appellee the sum of $500.00 in damages. The appellant's grounds and motion for a new trial being overruled, it has appealed to this court.

The appellant in its brief complains that the verdict of the jury was contrary to law and flagrantly against the weight of the evidence; that the instructions given by the court upon motion of appellee were misleading and confusing, and defective in form; and that the court ought to have granted it a new trial because of newly-discovered evidence of a substantial character in its favor.

A contention that a verdict of a jury is contrary to law does not amount to a ground for reversal, unless the error is specifically set out and complained of. American

Credit Co. v. National Clothing Co., 122 S. W., 840; Jones v. Warden, 90 Ky., 230.

The contention that the verdict is flagrantly against the evidence is not tenable. The appellee is substantially corroborated by the witness Timberlake as to the manner and circumstances under which he received his alleged injury. The other witness, who was the foreman, Young, does not seriously contradict the testimony of appellee and Timberlake. While he says that he did not know that any one was hurt at the time of the alleged injury, he does remember that he stopped the car very suddenly, and that the appellee made complaint at the time of being hurt.

As to the amount of the verdict, the evidence is very conflicting as to the extent and permanent character of the injury, but it is the province of the jury to pass upon the weight and credibility of the testimony, and there being a sufficiency of the evidence in favor of the contention of appellee to justify the verdict of the jury, if it believed the witnesses, there is no sufficient ground for setting aside its verdict because of the evidence being insufficient to sustain the verdict. A verdict of the jury will not be set aside upon complaint that it is not sustained by the evidence, unless it is clearly and palpably against the weight of the evidence. McClain v. Esham, 17 B. M., 146; Bell v. Keach, 80 Ky., 42; Thompson v. Thompson, 93 Ky., 435.

The complaint that the instructions are misleading or confusing seems to be entirely without merit. They are only two in number, as regards the issues in the case. They seemed to be based upon the pleadings and the evidence, and fairly present the issues made in the pleadings and evidence for the determination of the jury. The second instruction defining the measure of damages is more favorable to the appellant than it was entitled to. The court restricts the appellee's right of recovery to a reasonable compensation for the pain and suffering, if any, which he had endured, and for the permanent impairment, if any, of his power to earn money, caused by the injury, and does not permit any finding for him on account of his loss of time or expenses of his cure.

The appellant did not ask the court to give any written instruction upon any point in the case, and in a state of case of that kind it can only be presumed that the appellant was satisfied with the extent to which its defense

was covered by the instructions given. The verbal request of the counsel for appellant to the court to instruct the jury upon the whole law of the case did not impose any duty upon the court. It is not the duty of the court, in the trial of a civil case, to give any instructions to the jury unless same shall have been reduced to writing and offered. Section 317, Sub-section 5, Civil Code; Bell v. Louisville R. Co., 148 Ky., 189. If an incorrect or defective instruction is offered, it then becomes the duty of the court to reject it, and to give in place of it a correct instruction, or, if the court undertakes, upon its own motion, to instruct the jury it must do so correctly. Chicago Veneer Co. v. Jones, 143 Ky., 26; L. & N. R. R. Co. v. Harrod, 115 Ky., 877. In the instant case, it does not appear that the court undertook to give any instruction upon its own motion at all.

The pleadings in this case are sufficient to support the verdict, and the instructions given are based upon the pleadings and the evidence.

Section 343 of the Civil Code expressly provides that where a motion is made for a new trial which is based upon a claim of newly-discovered evidence that the ground upon which the motion is based must be sustained by affidavits showing its truth.

In the case of Bronson v. Green, 2 Duvall, 234, it was held that upon a motion for a new trial on account of newly-discovered evidence, that it was not sufficient if the witness stated that he had not communicated the facts to the complaining party until after the trial, but the party, himself, must state that the facts were unknown to him until after the trial. The new evidence must not be merely cumulative, and must be of such character that it will have a decisive influence upon the determination of some issue in the case. The witness by whom it is proposed to make the newly-discovered evidence made an affidavit as to what he will testify, but he does not state in the affidavit, nor otherwise, that he had not communicated it to the appellant before the trial, and the appellant does not by affidavit, nor otherwise, show that the proposed evidence of the witness was unknown to it until after the trial. Furthermore, the proposed evidence seems to be a mere opinion on the part of the proposed witness that the injury complained of by appellee could not have been received exactly in the manner in which he stated that it was done. In fact, it seems to

be directed to prove that a thing could not have occurred, which, judging from the evidence of the appellee, did not occur in the way which the newly-discovered evidence proposes to say that it was impossible for it to have occurred. Therefore, the complaint of the appellant that the trial court erred in not granting a new trial, because of the alleged newly-discovered evidence, is without merit.

The judgment appealed from is, therefore, affirmed.