## Ohio Valley Electric Railway Company v. Webb.

(Decided March 4, 1924.)

## Appeal from Boyd Circuit Court.

1. Carriers—Evidence Held to Sustain Finding of Wanton, Willful, and Malicious Assault by Motorman.—In a passenger's action against carrier, evidence held sufficient to sustain a finding that assault by motorman was wanton, willful, and malicious.

2. Carriers—Passenger, Willfully and Maliciously Assaulted, Entitled to Recover both Compensatory and Punitive Damages.—A passenger, who was wantonly, willfully, and maliciously assaulted by motorman, was entitled to recover both compensatory and punitive damages.

3. Carriers—Instruction on Provocation in Mitigation of Punitive Damages Proper.—In a passenger's action for assault by a motorman where matters of provocation are pleaded and proved an instruction that the jury might consider any matter of provocation in mitigation of punitive damages is proper.

4. Trial—Not Duty of Court to Give all the Law of the Case on Own Motion.—It is not the duty of the court on its own motion to give all the law of the case in a civil action or to instruct on every issue pleaded and proved, but all that is required is that the instructions shall be correct as far as they go, and if additional instructions are desired they should be requested.

5. Carriers—Verdict for $1,700 Held Not Excessive for Assault by Motorman.—A verdict for $1,700 to a passenger, willfully and maliciously assaulted by motorman, was not so excessive as to

strike the court at first blush as being the result of prejudice or passion, where in addition to a black eye and other bruises, which yielded to treatment, the plaintiff's nose was broken and made crooked, and he suffered a great deal from headaches and was caused great mortification and humiliation, especially in view of the fact that the jury was authorized to find punitive damages.

MARTIN & SMITH for appellant.

WAUGH & HOWERTON for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

This is an appeal from a judgment of $1,700.00 for personal injuries inflicted on appellee by appellant's motorman.

The facts are these: On the afternoon of January 30, 1920, appellee and his companion, Charles Lovejoy, boarded one of appellant's cars in Ashland for the purpose of going to their home in Catlettsburg. Lovejoy was intoxicated, and appellee had had two or three drinks. Lovejoy stopped in the smoker, and appellee went into the main part of the car and took a seat. Lovejoy, who had a ten dollar bill, indicated his purpose to pay the fare. After the conductor had counted out the change, Lovejoy began fumbling in his pocket for the ten dollar bill, but was unable to find it. Thereupon the conductor became angry, and appellee, hearing the commotion, handed the conductor fifty cents and told him to keep the change. However the conductor returned the change. When the car reached 29th street, the conductor told the motorman to call the police. While the car was waiting there, some one informed appellee that they intended to arrest him. In the meantime the motorman and conductor had gotten off the car and other employees were present. According to appellee and his witnesses, appellee started to the rear door to get off the car. Appellee then started down the steps, and the motorman struck him and then dragged him off the car and beat him severely with a steel lever which he had on his person. According to the witnesses for appellant, when appellee started to get off the car, he made some offensive remark and began the difficulty by kicking the motorman in the stomach.

If appellee's version of the affair be true, and it is sustained by the weight of the evidence, the assault was wanton, willful and malicious, and appellee was entitled to recover both compensatory and punitive dam-

ages. This seems to be conceded, but it is insisted that the court erred in failing to tell the jury that it might consider any matter of provocation in mitigation of punitive damages. Where matters of provocation are pleaded and proved, an instruction thereon is proper. Renfro v. Barlow, 131 Ky. 312, 115 S. W. 225; Louisville Ry. Co. v. Frick, 158 Ky. 450, 165 S. W. 649. Under our practice, however, it is not the duty of the court on its own motion to give all the law of the case in a civil action, or to instruct on every issue pleaded and proved. All that is required is that the instructions shall be correct as far as they go. If additional instructions are desired, they should be requested. L. H. & St. L. Ry. Co. v. Roberts, 144 Ky. 820, 139 S. W. 1073. Here the instructions were correct as far as they went. The only complaint is of the court's failure to submit the issue of provocation in mitigation of punitive damages, but as no such instruction was offered, the complaint is not available. C. N. O. & T. P. Ry. Co. v. Martin, 146 Ky. 260, 142 S. W. 410.

A further contention is that the verdict is excessive. In support of this position it is argued that appellee was confined to the house but a short time, and is now practically a well man. In addition to a black eye and other bruises which have yielded to treatment, appellee's nose was broken and made crooked, and he has suffered a great deal from headaches. Aside from this, the circumstances were such as to cause great mortification and humiliation, and when we take into consideration the fact that the case was one where the jury was authorized to find punitive damages, we are not prepared to say that the finding of $1,700.00 is so excessive as to strike us at first blush as being the result of prejudice or passion.

Judgment affirmed.