AUSTIN WESTERN ROAD MACHINERY COMPANY v. GRANT COUNTY.

Opinion delivered May 5, 1924.

1. PRINCIPAL AND AGENT—HOLDING OUT AS AGENT.—Where a general authority to do an act is alleged, and the plaintiff or defendant relies on the other's having held out a third person as his agent, other instances of his having treated the person as his agent for such an act are admissible to show a general holding out of that person as agent.

2. PRINCIPAL AND AGENT—AUTHORITY TO COLLECT.—Where plaintiff specifically authorized an agent to collect and remit funds due from a county on a certain date, and from time to time thereafter allowed him to collect and remit amounts due from the county, *held* that such acts constituted such a course of dealing as warranted a finding that the agent had implied or apparent authority to collect the warrants involved in the suit.

Appeal from Grant Circuit Court; *Thomas E. Toler,* Judge; affirmed.

STATEMENT OF FACTS.

Austin Western Road Machinery Company filed its account, duly verified, in the county court of Grant County, for certain road machinery sold by it to said

county. The claim was disallowed, and the claimant appealed to the circuit court. There the Austin Western Road Machinery Company of Chicago, Illinois, introduced in evidence its itemized account of the various articles of road machinery sold by it to Grant County. The account commenced on the 5th day of May, 1911, and the last item is of the date of September 29, 1915.

Grant County introduced in evidence the register of road warrants on file in the county clerk's office, showing the warrants which had been issued on claims allowed in favor of the plaintiff by the county court. These allowances cover all the items in the plaintiff's account, and the warrants issued on them were delivered to E. E. McCool, who was then county treasurer, and who gave his receipt to the county clerk for said warrants.

The defendant also introduced in evidence a letter dated March 24, 1912, from the plaintiff to E. E. McCool, county treasurer. The body of the letter is as follows:

"Dear sir: We have just written to Judge West about our unpaid account against Grant County, asking that he give it his attention during the April term of court, so that payment of it may be authorized.

"If any funds have been placed at your disposal to cover any of our claims against the county, please send them to us, at your early convenience, using the stamped envelope which you will find inclosed.

"Thanking you in advance for giving the matter your attention, we are,

"Yours very truly."

The case was tried before the circuit court sitting as a jury. The court found in favor of the defendant, and, from the judgment rendered, the plaintiff has duly prosecuted an appeal to this court.

*Emerson & Donham,* for appellant.

McCool was not the agent of appellant. The nature of the letter to him was merely an inquiry, and by no means of reasoning could constitute him an agent. Payment to an unauthorized agent is not binding upon the principal. 76 Ark. 472; 98 Ark. 370.

*D. E. Waddell* and *W. A. Utley,* for appellee.

Through a long period of time appellant had ratified the acts of McCool in receiving warrants for it, and it is now too late for them to deny that he was their agent. The creation of an agent may be either express or implied. Appellant's remedy would be against McCool. 21 R. C. L. § 34, p. 854. See also 152 Ark. 120.

HART, J., (after stating the facts). The decision of the circuit court was based upon a holding that, in the light of all the circumstances surrounding the parties and their business relationship to each other, McCool had the apparent authority to receive the warrants issued in favor of the plaintiff on claims against the county, and to collect the same for the plaintiff.

Where a general authority to do an act is alleged, and the plaintiff or defendant relies on the other's having held out a third person as his agent, other instances of his having treated the person as his agent for such an act are receivable to show a general holding out of that person as agent. Wigmore on Evidence, vol. 1, 2d ed., § 377.

The principle of the rule as stated by Mr. Wigmore is that the instances must be numerous enough, and have occurred under conditions so similar, as to indicate a system or plan of doing that particular thing under similar circumstances; and that the only question in administering the rule is whether the instances produced have any real probative value to show such system, plan, or habit.

In the application of the rule to the case at bar we are of the opinion that the attending circumstances warranted the circuit court in finding an implied authority derived from a course of dealing, from the number of warrants which the plaintiff assented to McCool's collecting for it.

The evidence shows a course of dealing between the plaintiff and Grant County for a period of time from May 5, 1911, to September 29, 1915. From time to time warrants were issued by the county for machinery pur-

chased by it from the plaintiff. By its letter of March 24, 1912, the plaintiff specifically authorized McCool to collect and remit to it the funds due it upon claims against the county. From time to time, after this date, it allowed McCool to collect similar warrants issued in its favor and to remit the amounts thereof to it. These acts constituted such a plan or course of dealing on its part as warranted the circuit court in finding that McCool had implied authority to collect the warrants involved in this suit. *C. A. Reese & Co.* v. *Kirk,* 152 Ark. 120. There is another ground on which the judgment might be sustained, but the views we have expressed render it unnecessary to consider it.

It follows that the judgment must be affirmed.