## WRIGHT v. ILLINOIS CENT. R. CO.

(Circuit Court of Appeals, Sixth Circuit.
June 30, 1925.)

No. 4307.

**Appeal and error ⟐216(2)—Failure to put presumption of negligence to jury strongly enough when passenger injured by train accident not subject to review, where neither request nor exception on that point. ·**

In passenger's action for injuries, that presumption of negligence when a passenger is injured by a train accident was not put to jury strongly enough was not subject to review, where there was neither request nor exception on that point.

In Error to the District Court of the United States for the Western District of Kentucky; Charles H. Moorman, Judge.

Action by T. S. Wright against the Illinois Central Railroad Company. Judgment for defendant, and plaintiff brings error. Affirmed.

Lewis F. Withers, of Louisville, Ky. (W. V. Eaton, of Paducah, Ky., on the brief), for plaintiff in error.

John Blakey Helm, of Louisville, Ky. (Edmund F. Trabue and Trabue, Doolan, Helm & Helm, all of Louisville, Ky., and Wheeler & Hughes, of Paducah, Ky., on the brief), for defendant in error.

Before DENISON, DONAHUE, and KNAPPEN, Circuit Judges.

PER CURIAM. ˙ The train upon which Wright was riding was derailed, and he was hurt. His action for damages resulted in a verdict for defendant; and he seeks reversal. He claims that the presumption of negligence, when a passenger is injured by a train accident, was not put to the jury strongly enough; but there was neither request nor exception on this point. Under our familiar rule, there can be no review. Robilio v. United States (C. C. A.) 291 F. 975, 980, 981. Such is also the Kentucky rule. Ohio Co. v. Webb, 202 Ky. 341, 343, 259 S. W. 697.

The remaining claim is that the pleadings did not support the judgment. Since the answer denied negligence and the judgment was for defendant, the claim is not appealing. Plaintiff's position is that the answer admitted the derailment, and so raised the presumption of negligence; but this was in connection with an express denial of negligence and a claim that the cause was beyond defendant's control. If, as plaintiff thinks, there was any failure to allege in the answer all the particular facts necessary to exculpate, that claim was not brought to the attention of the trial court. Doubtless an amendment would have been allowed, if necessary.

The judgment is affirmed.