## Monohan et al. v. Grayson County Supply Co.

(Decided May 10, 1932.)

FAUREST & FAUREST for appellants.

JAMES T. BASHAM for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

The Grayson County Supply Company instituted an action against the New Albany Tobacco Warehouse Company, Bradley Kessinger, J. A. Kiper, and J. A. Horrell, garnishees, to recover the sum of $1,492.77 for tobacco sold and delivered to the warehouse company by the plaintiff and others, and for the purchase price of which drafts had been given to the sellers. A general order of attachment was obtained and severed upon the defendants named as garnishees, and levied upon the tobacco stored in four warehouses. The warehouse company promptly executed a bond under section 221 of the Civil Code of Practice, and the attachment was thereupon discharged. Some thirty other cases of the same character were filed against the same defendants. By agreement, all the cases were tried together, and resulted in a verdict for the plaintiff in each case. Appeals have been prosecuted in four of the cases, and motions for appeals have been entered in twelve other cases wherein the amounts involved exceeded $200, but were less than $500. The other cases involved amounts less than $200, and the jurisdiction of the circuit court was final. The cases here have been heard together and will be disposed of in a single opinion. The various grounds urged for reversal of the judgments will be discussed and disposed of as the opinion proceeds.

1. It is first insisted that the defendants were entitled to a peremptory instruction because there was a failure to prove that the defendants had purchased the tobacco, or authorized the delivery of the drafts for the purchase price. The contention is predicated on the position that Kessinger was not the agent of the applicants. The New Albany Tobacco Warehouse Company was sued as a corporation, but it disclosed that it was a partnership composed of W. H. Monohan and E. C. Hegewald, and the record was corrected accordingly. Bradley Kessinger was a resident of Grayson county, Ky. The New Albany Tobacco Warehouse Company operated a warehouse in New Albany, Ind. Kessinger opened an office and rented four warehouses in Leitch-

field, Ky., for the purpose of buying and storing tobacco, Drafts for the rent were drawn on the New Albany Tobacco Warehouse Company and paid by it. Tobacco growers visited the office maintained by Kessinger and negotiated sales of tobacco, for which drafts on the New Albany Tobacco Warehouse Company would be given. The tobacco was delivered and stored in the local warehouses, and subsequently sent to the warehouse at New Albany. A large number of such drafts were paid by the appellants. They were on printed forms supplied by the New Albany Tobacco Warehouse Company, and directed it to pay to the order of the particular seller a specified sum for a stated quantity of tobacco purchased. The drafts directed the New Albany Tobacco Warehouse Company to charge the amounts thereof "to the account of Bradley Kessinger." It was known and generally understood that all the tobacco sold to Kessinger was to be delivered ultimately to the New Albany Tobacco Warehouse Company. At the office in Leitchfield a sign was displayed advertising the New Albany Tobacco Market, which bore the name of the New Albany Tobacco Warehouse Company.

Without enumerating the many circumstances, it is sufficient to say that the evidence for the plaintiffs conduced to show that the warehouse company was the purchaser of the tobacco, through Kessinger acting as its agent. It is true that agency is a contractual relation, but it may be established by circumstantial evidence, and it may be implied from the acts and conduct of the parties. 2 C. J. p. 436, sec. 32. Seaboard Oil Co. v. Huntsman, 196 Ky. 758, 245 S. W. 860; Hall v. Ayer & Lord Tie Co. (Ky.) 102 S. W. 867; McAlister v. Tucker, 203 Ky. 332, 262 S. W. 284. Although it was held in the case of Main Street Tobacco Warehouse Co. v. Bain Moore Tob. Co., 198 Ky. 777, 250 S. W. 98, that the mere payment of two drafts was not sufficient to establish an agency, otherwise shown not to exist, it cannot be doubted that a continuous course of conduct covering a number of successive purchases may manifest the existence of such relation. 2 C. J. p. 441, sec. 37. 2 C. J. p. 945, sec. 709. In the light of the evidence for the plaintiff, showing the interest and activity of the appellants in acquiring the tobacco, it is palpable that the motion for a peremptory instruction was properly overruled. But the appellants insist that they were entitled to a peremptory instruction at the close of all the

evidence upon the ground that the circumstances indicating agency were completely overcome and thoroughly explained by the evidence for the defendants. It was testified by the defendants, and a witness for them, that they were not interested in buying tobacco, but merely conducted a warehouse where tobacco was bought and sold on commission to them for the use of their facilities. The drafts were paid by them for Kessinger because they had agreed to advance to Kessinger and another, who was secretly associated with him, a certain amount of money. They adopted the form of paying drafts and charging them to the account of Kessinger as a matter of convenience. The evidence for the defendants tended to establish a complete defense, and explained the circumstances proven by the plaintiffs that indicated a different relationship. Yet that fact did not entitle the defendants to a directed verdict. It constituted merely a conflict in the evidence, which had to be determined by the jury. When the evidence for the plaintiff tends to make out a cause of action, and that for the defendant tends to explain it away, or to contradict the facts which indicate a cause of action, there is simply a conflict of evidence. It is only when accepting as true the plaintiff's proof, and the defendant nevertheless manifests such a complete defense as to preclude a recovery, that a peremptory instruction may be given at the close of all the evidence. Sim's Adm'r v. C. & O. R. R. Co., 140 Ky. 241, 130 S. W. 1081; L. & N. R. R. Co. v. Mounce's Adm'r (Ky.) 90 S. W. 956. Clearly this was not such a case, but was one for the facts to be found by the jury. Cf. Wilson & Co. v. Dunn, 213 Ky. 843.

2. The second contention is that the verdict of the jury is flagrantly against the evidence. The test whereby to determine when a verdict is flagrantly against the evidence has been repeatedly declared. Com. Life Ins. Co. v. Pendleton, 231 Ky. 596, 21 S. W. (2d) 985, 66 A. L. R. 1526; L. & N. R. R. Co. v. Curtis' Admr, 233 Ky. 276, 25 S. W. (2d) 398; Bryson v. Raum's Adm'r, 243 Ky. 121, 47 S. W. (2d) 927. A verdict is not palpably against the evidence when it is supported by substantial testimony, even though such testimony may be contradicted. In this case, the evidence for the plaintiffs was sufficient to warrant submission of the issues to the jury and to sustain a verdict in their favor. The contradiction of that evidence by the testimony for the defend-

ants did not require the court to accept as conclusive either the one or the other view. The credibility of the witnesses and the probative value of the evidence was for the determination of the jury, and the court was required to submit the issue to that tribunal. Louisville Cement Co. v. Clell Coleman & Sons, 222 Ky. 183, 300 S. W. 633; Rosenberg v. Dahl, 162 Ky. 92, 172 S. W. 113, Ann. Cas. 1916E, page 1110.

3. It is next complained that incompetent evidence was admitted against the appellants, based upon two instances.

The trial court permitted the return on the summons, stating that it had been served on Bradley Kessinger, as agent of the appellants, to be read to the jury. The summons was a part of the record, but of itself constituted no substantive evidence of the facts therein recited. The court admonished the jury, however, that it was permitted to hear the return in order that it might determine whether such service of summons, considered with the subsequent conduct of the parties, tended to show that Kessinger was such agent. The subsequent conduct referred to was the recognition by the defendants of the service as bringing them into court. The court expressly told the jury that the statement of the officer in making his return did not constitute any evidence of the facts therein mentioned. Certainly the circumstance was harmless, in view of the admonition given.

The other ruling related to the execution of a bond by the defendants to discharge the attachment.

If Kessinger was not the agent of the defendants in buying the tobacco stored in the warehouses, and held under the order of attachment, the tobacco was not the property of the defendants, and they had no right to possession thereof. If Kessinger owed the debt sued upon, he owned the tobacco attached. According to the theory of the defense, appellants had merely a contractual right to have Kessinger's tobacco sold at their warehouse, and to have the proceeds applied to their account in preference to any other debt due from Kessinger. The conduct of the defendants in the circumstances was relevant. A defendant may execute a bond to discharge an attachment, and, when that is done, restitution must be made of any property taken under

it. (Civil Code of Practice, sec. 221.) The Civil Code further provides that any attached property may be delivered by the sheriff to the person in whose possession it is found upon the execution in the presence of the sheriff of a forthcoming bond. Civil Code of Practice, sec. 214. In such case the attachment lien on the property is not discharged. Maynard v. Damron, 237 Ky. 793, 36 S. W. (2d) 638. The act of the appellants in proceeding to get the property in controversy was a proper circumstance for the consideration of the jury. Such conduct was inconsistent with a denial of liability for the purchase price of the tobacco. But the defendants argue that they did not appropriate the property, or its proceeds, but simply permitted it to be released so that Kessinger could carry out his contract with them, and be enabled in that way to reimburse them for advancements. It must not be overlooked, however, that the tobacco was to be paid for upon deliverey at the warehouse, and the sellers accepted the drafts upon the assumption that they would be paid. When the drafts were not paid, neither the defendants nor Kessinger had any right to the tobacco, or to have it sold at the warehouse of the defendants. The evidence concerned the conduct of the parties respecting the pending litigation, and consisted of a record in the case which had a direct bearing upon the issues. Cf. Streipe v. Liberty Mutual Ins. Co., 243 Ky. 15, 47 S. W. (2d) 1004. No prejudicial error intervened in that respect.

4. Criticism is leveled at the instructions given to the jury. The first instruction directed the jury to find for the plaintiff, if it was believed from the evidence that Bradley Kessinger purchased the tobacco in question as the authorized agent of the defendants, acting within the scope, or apparent scope, of his authority, and issued the drafts in payment therefor; but such finding was conditioned on the further finding that the tobacco was sold and delivered at the special instance and request of the defendants. It is said that the instruction failed to define any criterion that constituted Kessinger an authorized agent. The instruction made clear to the jury that the right of the plaintiff to recover depended upon a finding that Kessinger was the authorized agent of the defendant. Cf. Simmons & Co. v. Price's Adm'r, 238 Ky. 332, 38 S. W. (2d) 6. The language of the instruction was so clear and concise that misunderstanding was hardly possible. If

the defendants desired to submit to the jury a more elaborate or a more concrete instruction, or one that defined any of the terms used, it should have offered such instruction. The instruction given was correct as far as it went. It is the settled practice in this court that a new trial will not be ordered for failure to give additional instructions when the complaining party failed to request further directions on the particular point. Helge v. Babey, 228 Ky. 197, 14 S. W. (2d) 757; City of Louisville v. Keher, 117 Ky. 841, 79 S. W. 270; L. & N. R. Co. v. Simrall's Adm'r, 127 Ky. 55, 104 S. W. 1011; Ohio Valley Electric Ry. Co.. v. Webb, 202 Ky. 341, 259 S. W. 697; L. & N. R. Co. v. Carter, 226 Ky. 561, 10 S. W. (2d) 1064; Fidelity & Deposit Co. v. Com., 231 Ky. 346, 21 S. W. (2d) 452; Charles Taylor Sons Co. v. Hunt, 163 Ky. 120, 173 S. W. 333.

The third instruction which presented the theory of the appellants is not subject to complaint here, since no exception was reserved to it, and in the motion and grounds for a new trial it was expressly excluded from the ones to which objections were addressed. L. & N. R. Co. v. Culbertson, 158 Ky. 561, 165 S. W. 681; Young v. Northeast Coal Co., 194 Ky. 520, 240 S. W. 56.

5. Finally it is urged that counsel for the plaintiff in arguing the case to the jury indulged in improper comment and criticism. The record discloses that counsel for the plaintiff referred to the failure of appellants to offer the alleged agent, Kessinger, as a witness. It was said that, although Kessinger was present in the courtroom, he was not placed upon the witness stand, and that the proper inference to be derived from such failure was that Kessinger would not have corroborated the testimony of the appellants. When counsel stated what Kessinger might have testified if he had been introduced, the court sustained an objection and withdrew that part of the argument from the jury. Counsel then made some dramatic remarks respecting the merits of his client's claim and reflecting upon the character of the defense interposed. The court sustained an objection and excluded the statement from the consideration of the jury, but overruled a motion to discharge the jury. The relationship existing between Kessinger and the appellants, under the theory of either of the parties, was such that he might reasonably be presumed to possess knowledge bearing on the issues

involved. The unexplained failure of a party to produce a witness under such circumstances is a fit subject for fair comment, and justifies an inference unfavorable to the party in default. Moore on Facts, sec. 563, p. 543; Wigmore on Evidence, sec. 285, p. 368; Benjamin v. Ellinger's Adm'r, 80 Ky. 472; Brown v. Spradlin, 146 Ky. 173, 142 S. W. 224; Star Mills v. Bailey, 140 Ky. 194, 130 S. W. 1077, 140 Am. St. Rep. 370; McDonough v. McGowan, 165 Ky. 425, 177 S. W. 277.

It is the settled rule that counsel must restrict himself to the record for his facts, and resort only to reason for his deductions, but, within those limits, the freedom of ample argument is rigidly maintained. Johnson v. Com., 225 Ky. 413, 9 S. W. (2d) 53; City of Providence v. Young, 227 Ky. 691, 13 S. W. (2d) 1022; Browder v. Com., 232 Ky. 205, 22 S. W. (2d) 615.

The trial court in this case went as far in restricting the argument of counsel as the record required, or the law justified. Cf. Shelley v. Chilton's Adm'r, 236 Ky. 221, 32 S. W. (2d) 974.

The judgment is affirmed.