## Interstate Bond Co. v. Feehan et al.

June 9, 1944.

D. L. Street and Sam P. Strother for appellant.

Robert M. O'Dear for appellee Genevieve Feehan.

William Marshall Bullitt, Leo T. Wolford, and Bullitt & Middleton for appellee Deposit Co. of Maryland.

Opinion of the Court by Stanley, Commissioner—
Affirming.

This suit to recover $7,681.87 from the Treasurer of Lexington and the sureties on her official bond is predicated upon nonfeasance that enabled an agent of the plaintiff to collect that sum, which, as stated in the petition, he had refused to pay plaintiff. The judgment went for the defendants.

The plaintiff, the appellant, Interstate Bond Company, was engaged in financing payment of taxes and in buying property sold for taxes in Fayette County. It was the practice for its agent, B. J. Wade, to bid in such property, obtain the money from the company's treasurer, located in Atlanta, and pay it to the city treasurer. She then delivered to the agent certificates of purchase and also the original tax bills, duly receipted. She sent the owners notices of the sales to the plaintiff, giving them the address of its local agent and advising that redemption could be made by paying him. With two or three exceptions, the redemption money was paid direct to the agent. He was permitted to make releases on the official record of sales. The agent made remittances of these collections to the company by his individual checks after deducting his commissions. It developed in time that he had kept or was short in his accounts an aggregate of $7,681.87. It is claimed that the company's officers handling the transactions did not know that it was the duty of the city treasurer to collect this money or to retain the original tax bills until they were paid to her. But the president of the company knew, as he says, that it was her duty to make the collections and remit them to his company and he had assumed that that was being done.

Among the duties imposed upon the treasurer of a city of the second class with respect to the sale of real estate for the satisfaction of taxes were that of giving the owners notice of the sale with the amount required to redeem his property; of reporting such sale to the city auditor for recording in a book in which provision was made for the entry of the redempton or the conveyance of the land as the case might be. Upon payment of the purchase price, the treasurer gave the purchaser a certificate of purchase. Sections 3187, 3187a, Kentucky Statutes. Section 3187b, Kentucky Statutes, provided the owner could redeem his property "from the purchas-

er thereof'' within two years ''by paying to the city treasurer'' the amount of the purchase price plus interest. When such money was paid, the treasurer was charged with the duty of notifying the purchaser and paying him the money upon surrender of the certificate of purchase. It was also provided: ''The city shall in no manner be responsible to the purchasers for money thus received by the treasurer, but the treasurer and his official bond shall be held for the same.''

It is maintained by the appellant that the treasurer violated her official duties by directing that the money to redeem the property be paid to its agent; in permitting him to make the releases on the city's records, and in not notifying the company of the redemption and forwarding the amounts to it. Also, in delivering the original tax receipts to its agent instead of retaining them until the owners had redeemed the property through the city treasurer.

The circuit judge construed the statutes as not prohibiting a purchaser from receiving payment from the owner, and as only making the treasurer an agent of the purchaser for the convenience of the owner; that the plaintiff's course of action estopped it from collecting the sum which it may have lost by the direct action of its own agent.

It seems to us there are several reasons why the suit is not maintainable. A strong one is that nowhere is it alleged or shown that the plaintiff could not or cannot collect the money from its former agent. However, it is sufficient to say that the company had expressly authorized its agent to receive the money for the redemption of property purchased by him for it, and that its officers had been advised that the city treasurer proposed to deliver to him the original tax bills as well as the certificates of purchase. He was certainly held out to the public, and to the city treasurer in particular, as having the authority to do everything he did. During the entire course of dealing, the company's officers never received a single remittance directly from the city treasurer. For five years they had accepted its agent's personal checks in reimbursement of funds advanced him for the purchase of the property when it was redeemed, and had sent back to him for cancellation the certificates of purchase which he had sent them. In their correspondence, it appears that Wade had referred to the fact that he

and not the city treasurer was making the collections. A time or two the company's officers had urged the local agent to make an effort to collect certain balances. After Wade's employment had ceased, the company's local attorney, with the knowledge of its president, pursued the same practices.

The appellant is in no position to deny its agent's authority. Wells v. Combs, 205 Ky. 622, 266 S. W. 249. Louisville Cement Co. v. Clell Coleman & Sons, 222 Ky. 183, 300 S. W. 633; Monohan v. Grayson County Supply Co., 245 Ky. 781, 54 S. W. 2d 311; Rosener v. Burdette, 208 Ky. 137, 270 S. W. 731. In the following foreign cases, cited by the appellee, payments had been made directly to an apparent or ostensible agent under analogous conditions, and in each of them it was held the principal could not deny the agency and go back on those who had paid him. Equitable Life Assurance Society v. Thomas, 8 Cir., 69 F. 2d 361; Northwestern Mutual Life Ins. Co. v. Blohm, 212 Iowa 89, 234 N. W. 268; Austin Western Road Machinery Co. v. Grant County, 164 Ark. 228, 261 S. W. 283; Michie v. Bradshaw, 227 Ala. 302, 149 So. 809; Powell v. Bank of Manchester, 46 Ga. App. 264, 167 S. E. 343. If one cannot go back on the payor in such circumstances, he cannot collect from a third person who may have had the authority to receive payment in the first instance and to pay it over to an agent, an authority which most certainly the city treasurer would have had in this case had the law been complied with strictly. If an agent had the power to receive money through a third person as a mere conduit, he had authority to do so directly, especially when the principal had recognized and approved the practice for five years. This is so even though the third person was a public official charged with the performance of a duty or permitted by law to act as a collecting medium. The fact that the officers of the nonresident corporation to whom the money belonged did not know of that duty does not permit the company to escape from the principle of waiver and its consequences. Barker v. Stearns Coal & Lumber Co., 291 Ky. 184, 163 S. W. 2d 466.

Wherefore the judgment is affirmed.