**HOLIDAY ON ICE SHOWS, Inc.,**
**Plaintiff,**

v.

**DANCING WATERS, Inc., Defendant.**

Civ. No. 2982.

United States District Court
W. D. Wisconsin.

Oct. 30, 1957.

James E. Doyle, Madison, Wis., Harold D. Field, Jr., Minneapolis, Minn., for plaintiff.

Maurice B. Pasch, Madison, Wis., I. Irving Silverman, Chicago, Ill., for defendant.

STONE, District Judge.

### Findings of Fact

That the plaintiff, "Holiday On Ice", is and was at all times herein mentioned, a Minnesota corporation, that owns and operates certain water fountain assemblies in entertainment shows throughout the United States; that it has a permanent office in the Southern District of New York where it conducts its business.

That the defendant, "Dancing Waters" is and was at all times herein mentioned, a New York corporation, having its home office in New York, engaged in the business of operating water fountain assemblies in entertainment shows throughout the United States. Unlike plaintiff, defendant has no shows of its own, but leases its equipment to entertainment shows owned and produced by others.

The defendant has no office or place of business of any kind outside of the Southern District of New York. It is not licensed to do business in Wisconsin; is not listed in any city directory, telephone directory or business lists of any

kind in Wisconsin. It has never performed any business acts of any kind in Wisconsin. It has never had a representative or agent in Wisconsin. It has no Wisconsin warehouse, and has no property in this State other than the water fountain leased to the "Tommy Bartlett Shows" and used by him at the Wisconsin Dells during part of the summer of 1957. It has no Wisconsin bank account. It has rented and leased to others, fountain display units, pursuant to contracts made outside of Wisconsin, some of which units were used in Wisconsin, by the lessees in 1954 for six days; in 1955 for ten days; and from June 22, 1957 to September 2, 1957. The last display took place at the Tommy Bartlett Ski Show at Wisconsin Dells, Wisconsin.

The leased equipment of defendant is shipped disassembled to the location where it is to be operated. When it arrives it is assembled by the lessee under the supervision of an employee of the defendant, familiar with the equipment. At the Dells in 1957 the employee was Robert Chase. He had the necessary knowledge required to install the plumbing and the electrical parts that made up the unit. After the equipment was set up at the Dells, the mechanic, Robert Chase, continued to operate the equipment for the "Tommy Bartlett show". He was paid by Bartlett through the defendant; that is, Bartlett reimbursed defendant for the wages it paid Chase. Chase was not the inventor of the patents involved herein. He never was an officer, director, agent or executive of defendant. He was but one of its mechanics who travelled from place to place, setting up the equipment and instructing the lessees how to operate it. He had no authority to accept service of the summons and complaint in this action for the defendant.

The defendant is the owner of the patents referred to in plaintiff's complaint. Prior to the commencement of this action it notified plaintiff that plaintiff's water fountain assemblies infringed defendant's patents.

■ That the defendant's contract with the Tommy Bartlett Shows for the leasing of its equipment to be used in this state was an Illinios contract and was executed in that state between the parties; that the defendant's activities in Wisconsin have been infrequent, sporadic, and temporary, and in no sense could it be classified as "doing business" in this State.

Conclusions of Law

Title 28 U.S.C.A. § 1391(b) and (c) provides:

"(b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, except as otherwise provided by law.

"(c) A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes."

■ Inasmuch as the defendant at the time of the commencement of this action was not a resident of Wisconsin; was not licensed to do business in this state, and was not doing business in this state; had no office, place of business, address or representative therein authorized to act on its behalf, or to accept service of process for it; the motion of the defendant to dismiss the complaint for the reason that the action was commenced in the wrong judicial district, and that the defendant is not a resident of Wisconsin and is not doing business therein; and that the attempted service of the summons and complaint on the defendant was improper and illegal should be granted.

It is therefore ordered, adjudged and decreed that the plaintiff's complaint be and it is hereby dismissed, with costs.