**MICHIGAN WISCONSIN PIPELINE COMPANY, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 29, 1971.

As Modified Feb. 4, 1972.

Ridley M. Sandidge, Sandidge, Holbrook, Craig & Hager, Owensboro, for appellant.

John B. Breckinridge, Atty. Gen., Martin Glazer, Asst. Atty. Gen., Frankfort, for appellee.

REED, Judge.

The appellant, Michigan Wisconsin Pipeline Company, a foreign corporation that maintained a pipeline for the transportation of natural gas across part of Kentucky, was prosecuted by the Commonwealth for failure to qualify as a foreign corporation "doing business" in this state. The trial court held that the state corporate qualification statutes were applicable to the appellant under the undisputed facts presented by stipulation. Penalties within the limits prescribed by statute were assessed. The final judgent imposed a fine of $400 on each of three separately charged violations. This motion for an appeal was prosecuted from that judgment. We believe that under the facts presented the corporate qualification statute is not enforceable against the appellant. Since the case presents an important constitutional issue that is squarely presented, we have decided to grant the appeal and reverse the judgment.

The appellant is a Delaware corporation. It owns and operates a pipeline system for the transmission of natural gas in interstate commerce extending through 16 states, including Kentucky. It maintains a warehouse near Murray in Calloway County, Kentucky, and a compressor station near Madisonville in Hopkins County, Kentucky. At these Kentucky locations it employs 21 persons to carry on its business. None of the gas flowing through the pipelines is acquired or marketed in Kentucky. Therefore, the only activities of the corporation in this state are confined to effecting the flow of interstate commerce.

In the spring of 1966, the corporation found it necessary for the proper operation of its pipeline to obtain additional rights of way over real property in Hopkins County, Kentucky. As a part of this project, the corporation filed eminent domain actions in the Kentucky state courts. The appellant corporation possesses a certificate of convenience and necessity issued by the Federal Power Commission and is regulated by that administrative body. The federal Natural Gas Act, under the authority of which appellant is regulated, undertakes to authorize a corporation acting under its authority to file eminent domain actions in either the state courts or the federal district courts in the states through which its lines pass. See 15 U.S.C.A., Sec. 717f, 717h. The federal courts have jurisdiction, however, only when the property owner claims damages above specified amount.

KRS 271.385(2) requires that every foreign corporation "carrying on business in this state" shall at all times have an office in this state and an authorized agent in this state upon whom process can be served. It also requires the foreign corporation to file a written statement with the Secretary of State in which the location and post office address of the office and the name and address of the agent are given. KRS 271.055(3) declares that no foreign corporation except a foreign insurance corporation shall be "authorized to do business in this state" until it has filed a certified copy of its articles of incorporation in the office of the Secretary of State. The appellant admits that it did not make the filings required by these statutes.

KRS 271.990 prescribes a penalty in the form of a fine of not less than $100 nor more than $1,000 to be assessed against any corporation that "does business in this state" without complying with the statutory requirements relating to corporations, including those that we have just recited.

The Commonwealth argues and the circuit judge found that the defendant foreign corporation was "doing business in this state" because: it had property located in this state; it had employees working in this state; and it had acquired interests in

real property in this state by means of eminent domain proceedings instituted in the state courts.

■ We are dealing in this case with the application of a penal statute. Foreign corporations doing business within a state which violate provisions of a statute regulating their right to do business in the state may be subjected to penalties but such statutes must be strictly construed. See 20 C. J.S. Corporations, § 1861, p. 88. It is axiomatic, however, that when the business done by a foreign corporation within a state is exclusively interstate commerce, the state may not impose regulation upon or legislate concerning the interstate commerce, at least in the absence of congressional consent, because under the Constitution of the United States these matters are exclusively within the province of Congress. Therefore, state constitutional and statutory provisions regulating the doing of business in the state by foreign corporations do not apply to transactions in interstate commerce and such transactions cannot be considered as doing business within the meaning of such provisions. See Dahnke-Walker Milling Company v. Bondurant, 257 U.S. 282, 42 S.Ct. 106, 66 L.Ed. 239, which reversed the opinion of this court reported in 185 Ky. 386, 215 S.W. 76. Also see Fletcher Cyclopedia Corporations (1960 Revision), Vol. 17, Sec. 8479, p. 598.

It is important to specify the categories with which we are *not* dealing in this case. First, we are not dealing with the category of what constitutes doing business by a foreign corporation in a state in such manner as to subject it to process of the courts of that particular jurisdiction. Second, we are not dealing with the category of the taxability by the state of activities of a foreign corporation carried on within its borders. We are confined to the narrow category of what constitutes "doing business" within the state by a foreign corporation for purposes of the assertion of a penalty statute requiring the corporation to comply with statutory requirements for qualification to do business in a state.

Fletcher analyzes the problem with this discussion: " * * * the business activities of a foreign corporation in a state may be of such a nature as to render it amenable to service of process in an action brought against it in the state, and yet not be sufficient to render it necessary for the corporation to qualify under the requirements of a statute imposing conditions and restrictions upon the right to do business in the state. In reaching their decisions as to what shall constitute doing business within the terms of latter acts, the courts are naturally inclined to be liberal on the side of the corporation, since severe penalties for noncompliance are frequently imposed, whereas the interests involved when a question of the sufficiency of service of process is raised are of a different nature." Fletcher Cyclopedia Corporations (1960 Revision) Vol. 17, Sec. 8465, p. 552.

Moreover, under Kentucky law, a foreign corporation which does not qualify is deemed to have appointed the Secretary of State as agent for the service of process (KRS 271.610); hence, the policy of protection of the state's citizens is preserved.

■ It appears that there has been confusion when cases that consider one of the discussed categories are cited to support the result in a different category. A foreign corporation's property may well be subject to taxation by a state and a foreign corporation may be amenable to the process of a state's courts for purposes of jurisdiction, yet it does not follow that a corporation engaged exclusively in interstate commerce may be subjected to state legislation requiring qualification in the state and imposing a penalty for failure to qualify.

■ The defendant corporation in this case is engaged exclusively in interstate commerce. Its employees and its property, which has a situs in this state, are devoted exclusively to the pursuit of interstate commerce. All of its activities in this state are for the sole purpose of directly effect-

**876**

ing the flow of interstate commerce between several states. It does not even acquire or sell its product in this state.

The proper inquiry for determining whether the qualification statute is non-enforceable is whether the foreign corporation is engaged exclusively in interstate commerce.

The defendant acquired interests in real property. Whether the acquisition was by means of eminent domain or by private purchase does not affect the required judicial determination. The controlling consideration is whether the acquisition of the interest in property was an act separable from and not incidental to engaging in interstate commerce. It is admitted that the purpose of the acquisition of the interests in real property in this state was to carry on the only business of the corporation, which was exclusively of the character of interstate commerce. We must restrict our consideration to the particular category presented. We hold that the definition of "doing business" for purposes of our qualification statute stated in Larkin Company v. Commonwealth, 172 Ky. 106, 189 S.W. 3, plainly requires the conclusion that the mere acquisition of an interest in real property in this state for the sole purpose of effecting the flow of interstate commerce between states by a foreign corporation is not a separable and independent transaction sufficiently disconnected from the flow of interstate commerce to permit a finding that such corporation is "doing business" in this state for the purpose of assertion of the penal provisions for violation of our state qualification statute. The sole contacts of appellant with this state consisted of securing the means of transacting exclusively interstate commerce. We, therefore, hold that the circuit court erred when it applied the statute to the appellant and imposed the penalties.

The judgment is reversed with directions to enter an order dismissing the proceedings.

All concur.