COMMONWEALTH of Kentucky ex rel. Robert F. STEPHENS, Attorney General, Appellant,

v.

NATIONAL STEEPLECHASE AND HUNT ASSOCIATION, INC., Appellee.

Court of Appeals of Kentucky.

Feb. 6, 1981.

348

Bruce M. Reynolds, Lexington, for appellant.

Jackson White, Susan L. Coleman, Lexington, for appellee.

Before VANCE, WILHOIT, and WINTERSHEIMER, JJ.

WINTERSHEIMER, Judge.

This appeal is from a summary judgment entered March 25, 1980, which dismissed a complaint brought by the Commonwealth against the Steeplechase Association for failure to register with the Secretary of State and comply with related statutes for foreign corporations. The circuit court held that the association was not transacting business in Kentucky and that its activities were permitted by the interstate commerce exception to the statute.

The National Steeplechase and Hunt Association, Inc., is a New York corporation engaged in sanctioning regulations and supervising recognized meetings for steeplechase racing. It commenced its activities in Kentucky approximately thirty-three years ago in the Oxmoor Steeplechase near Louisville. In 1967, it began supervision of the High Hope Steeplechase in Fayette County, and has continued its activities since that time. In 1975, the Hard Scuffle Steeplechase in Oldham County, near Louisville, was initiated. Each of the sanctioned events lasts no more than three to four days every calendar year. The association has never obtained a certificate from the Secretary of State to do business as a foreign corporation. No annual reports have ever been filed and no registration fees have been paid. The association does not maintain a registered office or a registered agent in the state. It is subject to the

service of process through the Secretary of State under the provisions of K.R.S. 454.-210.

In 1975, the Commonwealth of Kentucky brought this action to collect all fees and penalties due the Commonwealth as a result of the failure of the association to register and to enjoin the association from transacting further business until the statute was complied with. The trial court dismissed the action. This appeal followed.

The Commonwealth argues that the association is a foreign corporation transacting business in Kentucky and must obtain a certificate of authority pursuant to K.R.S. 271A.520.

This Court affirms the judgment of the trial court because the activities of the association come within the interstate commerce exception and the isolated transaction sections of the statute.

■ The sanctioning of steeplechase meetings does not constitute the transaction of business in Kentucky. The association promulgates rules; approves the race courses, race officials and the financial responsibility of the sponsoring organization; receives entries for each meeting by telephone or mail; assembles the information on the meetings; and prepares a booklet and identification badges for each meet. All of these functions are performed in the New York office. The organization maintains no offices or employees in Kentucky. All communications are conducted by mail or telephone. The association, which is incorporated, provides a service and information to the local sponsoring organization. We cannot say that the attendance by association employees at the meetings constitutes the transaction of business in Kentucky.

■ The leasing of fences and jumps by the corporation to the local organizations in Kentucky is within the exception provided for interstate commerce in K.R.S. 271A.520(2)(i). The association driver transporting the jumps to Kentucky does not assist the local agency in setting up the equipment. It is uncontroverted that the employee does not continue to deal with the equipment after it is delivered. *Holiday on Ice Shows, Inc. v. Dancing Waters, Inc.*, 155 F.Supp. 763 (W.D.Wis.1957).

■ The isolated transaction section, as specifically provided by K.R.S. 271A.520 (2)(j), applies to the activities of the association employees in Kentucky. The statute makes an exception for isolated transactions completed within thirty days and not in the course of a number of repeated transactions of a like nature. Here, the meetings generally last no more than three to four days. Three different locations are now used annually. We cannot say that the presence of the association's employees at these meetings and the occasional utilization of them as stewards falls outside the isolated transaction section. *See Star Elkhorn Coal Co. v. Red Ash Pocahontas Coal Co.*, 102 F.Supp. 258, 260 (E.D. Ky.1951).

■ The statutes authorizing the collection of delinquent fees for failure to qualify as a foreign corporation are penal in nature and must be strictly construed against the state and liberally interpreted in favor of the foreign corporation. *Michigan Wisconsin Pipeline Co. v. Commonwealth*, Ky., 474 S.W.2d 873 (1972). Because the association is not doing business in Kentucky, it is not subject to the imposition of any penalties.

Therefore, the judgment is affirmed.

VANCE, J., concurs.

WILHOIT, J., concurs by separate opinion.

WILHOIT, Judge, concurring.

I concur in the result reached by the majority because I believe that none of the activities of the appellee within this state were sufficiently localized in nature to remove those activities from the exception contained in K.R.S. 271A.520(2)(i) for transacting "business in interstate commerce."